UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF WISCONSIN

JERRY SIMONSON, 211 W. Oneida St, Apt 2, Portage WI 53901
ROBERT ZEIER, 601 Wauona Trail, Lot 21, Portage WI 53901
RAYMOND BOYLE, 114 ½ South Main Street, Pardeeville WI 53954
JOHN GRUBER, P.O. Box 892, Portage WI 53901
JOANN WINTER, 601 Wauona Trail, Lot 21, Portage WI 53901
MICHAEL O'GRADY, P.O. Box 2, Portage WI 53901
WILLIAM CADWALLADER, W5298 State road 33, Pardeeville WI 53954
    Plaintiffs,

Case Number 19   CV   248   JDP

vs

KASIETA LEGAL GROUP LLC, 559 D'Onofrio Dr, Suite 222, Madison WI 53719-2842
SHERIFF ROGER BRANDNER, 711 East Cook Street, Portage, WI 53901
SHERIFF DEPUTY BENJAMIN OETZMAN, 711 East Cook Street, Portage WI 53901
COLUMBIA COUNTY, 112 E. Edgewater St, Portage, WI 53901
CITY OF PORTAGE, 115 West Pleasant St Portage, WI 53901
PORTAGE COMMUNITY SCHOOL DISTRICT BOARD OF EDUCATION
305 East Slifer St Portage WI 53901
MARK HAZELBAKER, 3909 Regent St, Madison WI 53705
AXLEY BRYNELSON, LLP, 2 E. Mifflin St, Suite 200, Madison WI 53703
STAFFORD ROSENBAUM LLP, 222 W. Washington Ave, Suite 900, Madison WI 53703
WILLIAM ANDREW VOIGT, Courthouse, 400 DeWitt Street, Portage WI 53901
BRAD SCHIMEL, Courthouse, 515 W. Moreland Blvd, Waukesha WI 53188
BRIAN O'KEEFE, Wisconsin Dept. of Justice, 17 West Main Street, Madison WI 53703
CITY OF WISCONSIN DELLS, 300 LaCrosse Street, Wisconsin Dells WI 53965
    Defendants, et,al
-------------------------------------------------------
Interested Party: Wisconsin Attorney General Hon. Josh Kaul
114 East State Capital, POB 7857, Madison, WI 53707

**COMPLAINT and JURY DEMAND**

**CIVIL RIGHTS FIRST AMENDMENT RETALIATION  CAUSE OF ACTION**
**42 U.S.C. SECTIONS 1983 SEEKING DECLARATORY JUDGMENT, INJUNCTIVE**
**RELIEF**

INTRODUCTION

1.  The First Amendment protects the rights of all speakers to advocate for all viewpoints on issues
    of public concern. "If there is any fixed star in our constitutional constellation, it is that no
    official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or
    other matters of opinion or force citizens to confess by word or act their faith therein." *West*

1

*Virginia Stat Bd. Of Education v. Barnette,* 319 U.S. 624, 642 (1943).

2.  The conflict between Israel and Palestine is a longstanding issue of considerable public concern, both in the United States and internationally, to which politicians, professionals, and the press dedicate considerable energy and resources.

3.  In 2017, the State of Wisconsin chose to categorically take Israel's side in this international conflict when Governor Scott Walker signed Executive Order 261 into law and the Wisconsin legislature adopting Assembly Bill 553. Both of which are an anti-BDS (Boycott, Divestment, and Sanctions against Israel) bill that prohibits any state agency or other body in state government or local governmental units from adopting a rule, ordinance, policy, or procedure that involves the agency or governmental unit in a boycott of Israel or a person doing business in Israel or Israeli territory. In addition, the bill requires contracts between the state and nongovernmental entities to include a provision affirming that signatories are not, and will not engage in a prohibited boycott.

4.  Israel preemptively launched a surprise military attack on Egypt, Jordan and Syria from June 5 through 10, 1967 achieving a quick victory known as the Six Day War capturing larges areas of land which included more Palestinian territories.

5.  On June 8, 1967, Israel military attacked the USS Liberty, a "unarmed" advanced American signals intelligence spy ship while on patrol in international waters killing about 34 and wounding about 174 crew who were Navy, Marines, and National Security Agency personnel.

6.  Since 1967, Israel has enforced a military occupation of land areas captured through warfare identified as Palestinian territories, West Bank, East Jerusalem, Gaza Strip, Golan Heights. Israel enforces military law upon the people living under the military occupation.

7.  The United States Congress appropriates about $ Three (3) Billion dollars a year to Israel in military aid supporting the military occupation of the Occupied Territories which imposes methods for population control enforced upon the residents depriving them of basic fundamental human rights now defined as war crimes. (see, International Court of Justice, United Nations General assembly findings, United Nations Security Counsel, regard Israel as the "Occupying Power", public records).

8.  The **Jewish Institute for National Security of America (JINSA), which is registered as a not for profit 501(c)(3) organization, operates a Law Enforcement Exchange Program (LEEP), which provides a all expense paid trip to American law enforcement officials visiting Israel for training from Israel military and Israel National Police supposedly to learn how to strengthen counter-terrorism methods using equipment and tactics under the Israeli model upon return to the**

**United States to apply the Israeli methods enforcement upon United States citizens by State and local law enforcement agencies acting under color of state law.**

9. Dane County Sheriff David Mahoney has accepted several all expense paid trips through JINSA arriving in Israel participating in several of JINSA's LEEP events representing the Badger State Sheriff's Association Inc, Wisconsin Homeland Security Council and Wisconsin Professional Police Association. Sheriff Mahoney acted as a supporter to facilitate inextricably intermingled contracts for services including training, methods, lobbying and equipment from Israel paid with tax payer funding furthering the militarization of some Wisconsin law enforcement agencies and prosecutors including Columbia County exercising governmental police powers to suppress the Plaintiffs and similarly situated citizens from unobstructed exercising their federal rights under the First Amendment without fear of retaliation arrests and prosecutions.

10. The nexus between JINSA's LEEP provided trips to members of the Wisconsin Sheriffs Badger Association and the militarization of Columbia County law enforcement agencies is evidenced by the Plaintiffs proof that police killings of local citizens was not suicide and not justified as documented in Plaintiffs and citizens investigative reports provided in John doe Petitions is part of a national trend. See book, Battlefield America, by the Rutherford Institute,by Attorney John W. Whitehead

11. Columbia County citizens including the Plaintiffs advocate for equal rights for Palestinian people living under the Israeli military occupation by supporting the Boycott, Divestment and Sanction Israel. The Plaintiffs members of the Columbia citizens against public corruption exercising First Amendment rights as a faith based social justice ministry discovered a nexus between Wisconsin law enforcement officials trained in Israel supposedly for counter-terrorism tactics and the proven unjustified uncharged Columbia County police killings of Keith Galster, Shaun Bollig, Kelly Bishell, Thomas Selje, and the existence of a alleged Columbia County militarized fascist police state using the same methods as the Israeli militarized occupation of Palestine applied against the Plaintiffs in violation of federal rights. The Plaintiffs have advocated various public officials, law enforcement associations, and others to Boycott, Divest and Sanction Israel by refusing to participate, purchase or invest in any Israel military industrial complex products and training. This includes enacting a policy to prohibit any Wisconsin law enforcement official from participating in any JINSA law enforcement exchange program in Israel and prohibit the expenditure of any tax payer resources for any type of training or services with a connection to Israeli military, police or private security organizations.

12. Defendant Mark Hazelbaker admits he is a citizen of Israel and represents the ideological objectives of the Zionist Organization of America acting in support of or through Defendant Kasieta Legal Group influencing and or facilitating Defendants Attorney General Schimel, Division of Criminal Investigation administrator Brian O'Keefe, Sheriff Roger Brandner practice of supporting or attending the JINSA Law Enforcement Exchange Programs or adopting a similar Israel governmental Apartheid policy against Palestinians enforced through fascism by creating a Columbia County militarized police state enforced upon the Plaintiffs violating and suppression their unobstructed exercising First Amendment rights and other federal rights.

13. Plaintiffs previously exercised their First Amendment right to Petition Government for redress of grievance in the form of a federal cause of action lawsuits brought in United States District Court for the Western District of Wisconsin pursuant to title 42 U.S.C. Section 1983 alleging several governmental officials and law enforcement employees of Defendants Columbia County, City of Portage, Portage Community Schools District Board had violated Plaintiffs federal rights, seeking only a declaratory judgment, injunctive relief, and constitutional challenges to actions under color of state law See, Case No.

14. Almost immediately after the federal summons and complaints were being served upon the parities named in federal lawsuit No. 18-cv-368, the Plaintiffs were being confronted and threatened by law enforcement officials with arrest and prosecution in retaliation for exercising First Amendment rights under the Petition Clause

15. Plaintiffs responded to the Defendants employees and agents threats by again exercising their First Amendment right to Petition Government for redress of grievance in the form of a federal cause of action brought in State forum pursuant to 42 USC Section 1983, filed in Columbia County Circuit Case No.18cv210, seeking relief which included damages against Defendants Columbia County, City of Portage, Portage Community School District Board. However, the Defendants exercised their right to remove this case from state court jurisdiction remanding into the United States District Court for the Western District.

16. The Defendants devised a scheme to continue inflicting injury and obstructing Plaintiffs from fully and freely exercising their First Amendment right to Petition the government for redress through retaliation animus by filing multiple alleged unjustified malicious state court Harassment Temporary Restraining Order and Injunction hearing actions pursuant to Wis. Stat. 813.125 using the Columbia County state court "rigged" system which deprives Plaintiffs of their equal protection federal rights to fully and freely exercise due process rights and pre trial

discovery rights enacted by the Wisconsin legislature. The Defendants alleged Plaintiffs engaged in harassment, stalking, false swearing, simulating legal process, and are frivolous litigators including Defendant Mark Hazelbaker issuing a written statement described in his state court Harassment Petitions declaring both of the federal lawsuit complaints filed by Plaintiffs were "frivolous", thereby usurping United States District Court jurisdiction.

17. Defendant *Oetzman v O'Grady,* Columbia County case 18cv181, dismissed

18. Defendant *City of Portage, et,al v O'Grady* , Columbia County case 18cv201, injunction issued.

19. Defendant *Columbia County, Columbia County Sheriff Department et,al v O'Grady,* Columbia County case 18cv230, injunction issued.

20. Defendant *Portage Community School District et,al v O'Grady* Columbia County Case 18cv203, dismissed.

21. Defendant *Portage Community School District et,al v O'Grady* Columbia County Case 19cv041.

22. Defendant *City of Wisconsin Dells v Simonson* Columbia County Case 19cv0008

23. Defendant *State of Wisconsin v O'Grady* Columbia County Case 18GF752

24. Defendant *State of Wisconsin v O'Grady* Columbia County Case 18CF419

25. Plaintiffs assert that the First Amendment right to petition the government and the courts under the Petition Clause expands the concept of court access from procedural forum access to substantive remedial access "guaranteeing" the right of a legally injured person to obtain a meaningful remedy.

26. Plaintiffs assert a federal constitutional right to a remedy based on the Due Process Clause, the Equal Protection Clause, or the Privileges and Immunities Clause. See John C.P. Goldberg, *The Constitutional States of Tort Law Due Process and the Right to a Law for the Redress of Wrongs,* 115 Yale L.J. 524, 529 (2005)

27. Plaintiffs assert their Wisconsin Constitutional rights, article I, Section 9, Remedy for Wrongs, provides that: " Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws" have been violated and deprived by the Defendants acting under color of state law. Plaintiffs assert a federal right to a remedy based upon the Fourteenth Amendment and Due Process Clause as those rights are described and guaranteed under the United States Constitution.

28. Plaintiffs assert based upon state constitutional provisions that have been denied Plaintiffs a

federal constitutional right exist to a remedy with a close link between the First Amendment's Petition clause and remedy-guaranteeing provisions in state constitutions.

29. Plaintiffs assert their federal cause of action lawsuit complaints filed in the United States Courts and Wisconsin State Courts constitute an activity protected by the First Amendment Petition Clause.

30. Plaintiffs assert their lawsuits, complaints, and civil actions including John Doe Petitions under Wis. Stat. 968.26 filed in the Wisconsin States Courts constitute an activity protected by the First Amendment Petition Clause.

31. Plaintiffs assert that the right to petition includes a negative right to be free from retaliation for, or suppression of a petitioning activity. See, *BE & K Constr. Co.,* 536 U.S. At 536-37.

32. Plaintiffs assert their social justice ministry advocating for equal rights, Palestinian equal rights, equal protection and benefit under law, and exposing public corruption, is protected legitimate activity pursuant to federal rights under the United States Constitutions First and Fourteenth Amendment and the Wisconsin State Constitution article I, sections.

## JURISDICTION AND VENUE

33. Plaintiffs bring this action under title 42 U.S.C. Section 1981 Equal Rights Under the Law, 42 U.S.C. Section 1983 Deprivation of Rights, title 42 U.S.C. 1985 Conspiracy To Interfere With Civil Rights, title 42 U.S.C. Section 1986 Action for Neglect To Prevent.

34. Plaintiffs bring this action under U.S. Constitutional federal rights protected and guaranteed under federal law, state common law and the First, Second, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and under Wisconsin State Constitutions article I, Sections 1, 3, 4, 7, 8, 9, 11, 18, 21, 22 including legislative enactments or statutes and the Equal Protection Clause.

35. Plaintiffs bring state law and Wisconsin Constitutional claims in this action under this Courts discretionary authority to exercise supplemental jurisdiction of claims arising under state law and Constitution pursuant to 28 U.S.C. Section 1367. Venue is proper in this district because it is where the events complained of occurred.

36. This Court has jurisdiction pursuant to the following statutes: 28 U.S.C. Section 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; 28 U.S.C. Section 1343, and 28 U.S.C. Section 1367.

37. Declaratory relief is authorized by 28 U.S.C. Sections 2201 and 2202. And relief is authorized by Wis. Stat. 806.07 and Wisconsin Supreme Court, *Neyland v. Vorwald* to vacate state court judgments and orders which are found to be "void or voidable".

38. Declaratory relief is authorized by Wis. Stat. 806.04 uniform declaratory judgments act, relief from a state court issued judgment or order is authorized by Wis. Stat. 806.07(1)(2) and Wisconsin Supreme Court decision in *Neyland v. Vorwald*, providing "any court, at any time" (including federal courts) may vacate a void or voidable state court judgment or order.

39. The Defendants employed a type of reverse Rooker Feldman doctrine tactic by using Wisconsin state court civil action and criminal actions as an attack against Plaintiff after filing federal cause of action lawsuit as a collateral attack usurping and preempting federal court subject matter jurisdiction using a rigged state court system with complicit judges against pro se low income Plaintiffs.

**CLAIMS**

40. Plaintiffs allege State Law Claims,  tort malicious First Amendment retaliation prosecution of harassment restraining order injunction hearing pursuant to Wis. Stat. 813.125, using a alleged defective petition lacking any notice of hearing and defective service, unjustified searches, unjustified seizures, law enforcement conspiracy to intentionally injure and serve alleged void injunction order as valid to enforce against Plaintiffs and similarly situated citizens with no unobstructed state court post deprivation avenue for exercising substantive and procedural due process to remedy these wrongs in a "rigged" system with a structural bias against indigent pro se litigants.

41. Plaintiff alleges Defendants operate and enforce a policy and practice of First Amendment retaliatory false arrest without probable cause, charges of Trespass, Stalking, Simulating legal process, False swearing, retaliatory prosecution, and continuing use of civil lawsuit harassment injunctions under stat. 813.125, establish proof the existence of and a unrestrained  militarized Columbia County Police State suppressing First Amendment Rights of the United States Constitution with a completely corrupted or dysfunctional Columbia County court system evidenced by Judges William Andrew Voigt, Rhonda Lanford, Michael Screnock, acting allegedly intentionally through designed unconstitutional procedures depriving pre trial discovery rights while ignoring Defendants alleged false written statements, alleged perjury, and admissions of committing felony criminal violations during harassment injunction court hearings violating Plaintiffs and similarly situated citizens First Amendment and other federal substantive due process rights.

42. Plaintiffs allege the Defendants policy, practice, or custom using intimidation constructing a Columbia County militarized Police State use of  documented retaliatory unjustified force against Plaintiffs exercising First Amendment protected speech including exposing the

7

Defendants unlawful protection of staff who admitted they engaged in Police killings of citizens as defined by Defendants justification as "suicide or suicide by cop" which was contrary to the crime scene evidence suggesting a unjustified police killing and cover-up.  Plaintiffs exercising First Amendment Rights under the Petition Clause exposing governmental corruption pursuant to the John Doe Petition Wis. Stat. 968.26. The Defendants routinely exploit the unfair structural defects in the state court system bias against pro se Plaintiffs and unfair procedures selectively applied to pro se litigants which includes denial of all unrepresented pro se Plaintiffs of their equal right to exercise unobstructed pre trial discovery rights, obstructed from exercising right to compel testimony of witnesses by subpoena  which are  depriving Plaintiffs and similarly situated citizens of their unobstructed substantive due process federal rights to fully and freely present a defense against the Defendants state court action under Wis. Stat. 813.125 and criminal allegations.

43.  State Courts acting at the request of the Defendants have issued Injunctions imposing criminal penalties and Protective orders prohibiting the Plaintiffs from unobstructed exercising First Amendment Clauses, federal rights and prohibits Plaintiffs by criminal penalties from filing John Doe Petitions under stat. 968.26 with evidence for prosecuting the Defendants violations of law and defending any state court actions brought by the Defendants under stat. 813.125 Harassment Injunction hearings violating Plaintiffs pro se rights under Wis. Constitution article I, Rights of a Suitor, Section 21(2), by mandating the Plaintiffs must get permission first from a licensed Wisconsin Attorney thereby imposing a unfunded legal fee mandate upon low income and indigent Plaintiffs. This includes prohibiting Plaintiffs from any further exercising unobstructed First Amendment rights as pro se citizens to submit John Doe Petitions  pursuant to Wis. Stat. 968.26. exposing the Defendants and Columbia County governmental officials engaging in unrestrained alleged criminal conduct.  The Plaintiffs allege these Injunctions and Protection orders are void, voidable on grounds they were issued by a state Court lacking subject matter jurisdiction, lacking proper authority, issued in violation of Plaintiffs federal rights of substantive due process and procedural due process.  Plaintiffs motions  for relief under Wis. Stat. 806.07 providing grounds to vacate these allegedly void  judgment and orders have been ignored by State Court judges who ether refuse to schedule and hold hearing or summarily deny the motion without any meaningful opportunity at a meaningful time and place granting the Plaintiffs an evidentiary hearing. Plaintiffs  alleged these State Court procedures and systems for which these arising orders and judgments were issued to be  "unconstitutional" and believed to be in violation of federal due process rights to relief under 42 USC Section

1983 and other federal rights.

44. Plaintiffs allege that Defendants acting or conspiring continuously under color of law applied governmental police powers, authority, or services selectively, differently, arbitrarily, and unequally or withheld the same against the Plaintiffs based upon status as low income, indigent, pro se litigants, social justice ministry, intentionally and recklessly depriving Plaintiffs of their federal rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendment of the United States Constitution.

## PARTIES

45. Plaintiff Jerry Simonson who resides at 211 West Oneida Street, Apt. 4, Portage WI 53901, is a citizen of the United States, resident of Columbia County, State of Wisconsin. Plaintiff is a Columbia County citizen who is against public corruption exercising First Amendment rights guaranteed under the United States Constitution, Wisconsin State Constitution and Wis. Stat. 968.26 and federal rights under 18 U.S.C. Section 3332(a), to observe, investigate and report the Defendants believed criminal conduct constituting governmental organized crime using a Religious name "Operation Rolling Thunder" as a faith based nondenominational social justice ministry promoting acceptance of Gods law of the Ten Commandments. The Plaintiff has been irreparably injured and deprived of his federal rights by the Defendants retaliatory animus for exercising First amendment rights who has no meaningful or available state court remedy.

46. Plaintiff Robert Zeier who resides at 601 Wauna Trl, lot 21, Portage WI 53901, is a citizen of the United States, resident of Columbia County, State of Wisconsin. Plaintiff is a Columbia County citizen who is against public corruption exercising rights guaranteed under the United States Constitution, Wisconsin State Constitution and Wis. Stat. 968.26 and federal rights under 18 U.S.C. Section 3332(a), to observe, investigate and report believed criminal conduct constituting governmental organized crime using a Religious name "Operation Rolling Thunder" as a faith based nondenominational social justice ministry promoting acceptance of Gods law of the Ten Commandments.

47. Plaintiff Raymond Boyle who resides at 411 1/2 South Main Street, Pardeeville WI 53, is a citizen of the United States, resident of Columbia County, State of Wisconsin. Plaintiff is a Columbia County citizen who is against public corruption exercising rights guaranteed under the United States Constitution, Wisconsin State Constitution and Wis. Stat. 968.26 and federal rights under 18 U.S.C. Section 3332(a), to observe, investigate and report believed criminal conduct constituting governmental organized crime using a Religious name "Operation Rolling Thunder"as a faith based nondenominational social justice ministry promoting acceptance of

Gods law of the Ten Commandments.

48. Plaintiff JoAnn Winter who resides at  601 Wauna Trl, lot 21, Portage WI 53901,  is a citizen of the United States, resident of Columbia County, State of Wisconsin.  Plaintiff is a Columbia County citizen who is against public corruption exercising rights guaranteed under the United States Constitution, Wisconsin State Constitution and Wis. Stat. 968.26 and federal rights under 18 U.S.C. Section 3332(a), to observe, investigate and report believed criminal conduct constituting governmental organized crime using a Religious name "Operation Rolling Thunder" as a faith based nondenominational social justice ministry promoting acceptance of Gods law of the Ten Commandments.

49. Plaintiff John Gruber who resides at   P.O. Box 892 Portage WI 53901,  is a citizen of the United States, resident of Columbia County, State of Wisconsin.  Plaintiff is a Columbia County citizen who is against public corruption exercising First Amendment rights guaranteed under the United States Constitution, Wisconsin State Constitution and Wis. Stat. 968.26 and federal rights under 18 U.S.C. Section 3332(a), to observe, investigate and report the Defendants believed criminal conduct constituting governmental organized crime using a  Religious name "Operation Rolling Thunder" as a faith based nondenominational social justice ministry promoting acceptance of Gods law of the Ten Commandments. The Plaintiff has been irreparably injured and deprived of his federal rights by the Defendants retaliatory animus for exercising First amendment rights who has no meaningful or available state court remedy.

50. Plaintiff Michael O'Grady who address is P. O. Box 2,  Portage WI 53901,  is a citizen of the United States, resident of Columbia County, State of Wisconsin.  Plaintiff is a Columbia County citizen who is against public corruption exercising First Amendment rights guaranteed under the United States Constitution, Wisconsin State Constitution and Wis. Stat. 968.26 and federal rights under 18 U.S.C. Section 3332(a), to observe, investigate and report the Defendants believed criminal conduct constituting governmental organized crime using a  Religious name "Operation Rolling Thunder" as a faith based nondenominational social justice ministry promoting acceptance of Gods law of the Ten Commandments. The Plaintiff has been irreparably injured and deprived of his federal rights by the Defendants retaliatory animus for exercising First amendment rights who has no meaningful or available state court remedy.

51. Plaintiff William Cadwallader whose address is W5298 State RD 33, Pardeeville, WI 53954,  is a citizen of the United States, resident of Columbia County, State of Wisconsin.  Plaintiff is a Columbia County citizen who is against public corruption exercising First Amendment rights guaranteed under the United States Constitution, Wisconsin State Constitution and Wis. Stat.

968.26 and federal rights under 18 U.S.C. Section 3332(a), to observe, investigate and report the Defendants believed criminal conduct constituting governmental organized crime using a Religious name "Operation Rolling Thunder" as a faith based nondenominational social justice ministry promoting acceptance of Gods law of the Ten Commandments. The Plaintiff has been irreparably injured and deprived of his federal rights by the Defendants retaliatory animus for exercising First amendment rights who has no meaningful or available state court remedy.

52. Defendant The Defendant Columbia County is a municipal corporation in the State of Wisconsin and maintains an official policy, practice or custom of retaliation against person exercising federal rights including the First Amendment rights and exercising governmental police powers issuing tickets and arrests with causing prosecutions without probable cause. Columbia County is a person whose address 112 East Edgewater Street Portage WI 53901.

53. Defendant The Defendant City of Portage is a municipal corporation in the State of Wisconsin and maintains an official policy, practice or custom of retaliation against person exercising federal rights including the First Amendment rights and exercising governmental police powers issuing tickets and arrests causing prosecutions without probable cause. City of Portage is person whose address 115 West Pleasant Street Portage WI 53901.

54. Defendant Portage Community School District Board is a municipal corporation or entity in the State of Wisconsin and maintains an official policy, practice or custom of retaliation against person exercising federal rights including the First Amendment rights and exercising governmental police powers causing issuing tickets, arrests and causing prosecutions without probable cause or fabricate evidence. Portage Community School district Board is a person whose address 305 East Slifer Street Portage WI 53901.

55. Defendant Roger Brandner is a citizen of the United States, resident of Columbia County, State of Wisconsin and a public elected official employed as the Columbia County Sheriff whose address 711 E. Cook Street, Portage WI 53901, at all times relevant to the complaint named in his official capacity acting under color of law. The Defendant is the Constitutionally elected law enforcement official and final decision maker relating to policy, customs and practices for law enforcement operations and fiduciary budget allocations for the Sheriff office and a partially separate independent legal entity from Defendant Columbia County but inextricably intermingled authority relating to Sheriff Deputy staff. The Defendant is a named Petitioner in Harassment Restraining order hearing Injunction action under Wis. Stat. 813.125, Columbia County case 2018cv00230, and directed the law enforcement First Amendment retaliation against the Plaintiffs thereby violating Plaintiffs federal rights evidenced by sworn testimony

and state court case records and investigatory reports including law enforcement surveillance of the Plaintiffs and arrest with confinement in County Jail without bond.

56. Defendant Benjamin Oetzman is a citizen of the United States, resident of Columbia County, State of Wisconsin and a public official employed as Detective Sergeant for the Columbia County Sheriff's office, 711 E. Cook Street, Portage WI 53901, at all times relevant to the complaint named in his official capacity acting under color of law as a named Petitioner providing his notarized signature on a Harassment Restraining order hearing Injunction action under Wis. Stat. 813.125, Columbia County case 2018cv00230, violating Plaintiffs federal rights and making false statements of allegations as First Amendment retaliation animus.

57. Defendant Kasieta Legal Group, is a person and private actor acting under color of law intentionally depriving the Plaintiffs of their federal rights through contract for providing legal services receiving tax payer funding and conspiring with others at all times relevant to the complaint whose address is 559 D'Onofrio Dr, Suite 222, Madison WI 53719-2842

58. Defendant Axley Brynelson LLP, is a person and private actor acting under color of law intentionally depriving the Plaintiffs of their federal rights through contract for providing legal services receiving tax payer funding and conspiring with others at all times relevant to the complaint whose address is 2 E. Mifflin St, Suite 200, Madison WI 53703

59. Defendant Stafford Rosenbaum LLP, is a person and private actor acting under color of law intentionally depriving the Plaintiffs of their federal rights through contract for providing legal services receiving tax payer funding and conspiring with others at all times relevant to the complaint whose address is 222 W. Washington Ave, Suite 900, Madison WI 53703

60. Defendant Mark Hazelbaker is a citizen of the State of Wisconsin and claims to be a citizen of Israel, is licensed to practice law in the State of Wisconsin who is believed to reside at 3909 Regent St, Madison WI 53705, provided his notarized signature as the Petitioner seeking protection of a Temporary Restraining Order and Injunction that he filed while concurrently identifying himself as the representing legal counsel for Columbia County, Columbia County Sheriff office and entire staff (see Columbia County Court case file 18cv230), Columbia County Circuit Court Commissioner Charles Church, City of Portage, and the Portage Community School District and staff to provided legal services pursuing Harassment restraining order and injunction cases against Plaintiffs and Columbia County citizens against public corruption. Defendant Hazelbaker is a defendant in Rebecca Kowald, et,al v. Portage Community School district et,al as a co-defendant with his clients listed above acting both as attorney and co-defendant and acting under color of law directing a scheme to arrest and frame the Plaintiffs

under a "felony charges" intentionally to injury the Plaintiffs federal rights. At all time relevant to the complaint the Defendant conspired with others and acted under color of law violating Plaintiffs federal rights including acting as a named Petitioner in Harassment Restraining order hearing Injunction action under Wis. Stat. 813.125, in about five (5) Columbia County cases violating Plaintiffs federal rights.

61.  Defendant William Andrew Voigt employment address is Courthouse, 400 Dewitt St, Portage, WI 53901, is a citizen of the State of Wisconsin, Columbia County and the United States and is a public official acting in his individual capacity at all time relevant to the complaint under color of law as the assigned presiding Judge over Columbia County Case 2018CF0070, *State of Wis v. Raymond Boyle,* and acted concurrently as the Judge and purported crime victim/witness issuing a Probable Cause finding in *State of Wisconsin v Michael O'Grady* ( Columbia County cases, including 18CF419) in a case involving Defendant Judge Voigt claiming he "himself" is a crime victim and a witness to testify against Plaintiff O'Grady. Defendant Judge Voigt knew or should have known he intentionally was violating a declaratory decree admitting bias and having a conflict of interest. Defendant Voigt knew that Plaintiffs Boyle, O'Grady, Gruber, Simonson, Zeier, Winter, Cadwallader, are citizen John Doe Petitioners exercising First Amendment rights who investigated Defendant Voigt as a City of Portage Attorney in 2004 at the time Portage Police likely killed Keith Galster shooting him in the head. In addition, Defendant Voigt was acting under color of law now in his personal capacity as a Circuit Court Judge failing to perform a non discretionary ministerial duty pursuant to Wis. Stat. 968.26, to issue a public written decision and provide that written decision to the Plaintiffs who were also the citizen John Doe Petitioners conducting the investigation and submitting the evidence described in the Petition seeking murder charges against law enforcement officials, specifically Deputy Jordan Haueter for the alleged unjustified Police Killing of Thomas Selje under Columbia County Circuit Court Case 2017JD00015. Defendant Judge Voigt named himself as crime victim causing Plaintiff O'Grady to be charged with felony simulating legal process keeping Plaintiff O'Grady confined in County Jail without bond. Thereby violating another declaratory decree and conspiring with the Defendants never performing a mandatory duty to review the evidence and provide a written decision to the Plaintiffs instead exercising a policy of First Amendment retaliatory action violating Plaintiffs and similarly situated citizens federal rights ensuring that the John Doe Petition pursuant to Wis. Stat. 968.26 seeking state government remedy for the unlawful killing of citizen Thomas Selje will not ever be reviewed by a fair and impartial judge. Mysteriously, Columbia County Circuit Court John Doe Case

13

2017JD00015 had been removed from Wisconsin circuit court electronic record search system.

62. Defendant Brad Schimel, whose employment address is Courthouse, 515 W. Moreland Blvd Waukesha, WI 53188, acting in his individual capacity at all times relevant to the complaint, enforced his official policy to Kick Ass Every Day (K.A.E.D. Issued on his political campaign militarized police challenge coins purchased with tax payer funds, see public record news articles) against the Plaintiffs and similarly situated persons for First Amendment retaliation animus through Wisconsin Department of Justice selectively targeted investigations, surveillance, intimidation and criminal prosecutions of the Plaintiffs pursuant to a conspiracy acting under color of law as quid pro quo with law enforcement and Police union political supporters. Evidenced through television political ads showing some Defendants and law enforcement officials appearing with Defendant Schimel as law enforcement's & union choice for Attorney General.

63. Defendant Brian O'Keefe, whose address is Wisconsin Department of Justice, 17 West Main Street, Madison, WI 53707, named in his individual capacity at all times relevant to the complaint, is administrator of the Wisconsin Department of Justice Division of Criminal Investigations enforcing a policy or practice allowing Special Agents including Jeff Twing and Lourdes Fernandez to violate Plaintiffs federal rights participating in First Amendment retaliation animus including searches and seizures without any warrant and without probable cause. And, enforcing a policy and practice to protect the Defendants and other culpable government and law enforcement officials engaged in alleged unrestrained criminal conduct from being properly investigated and subjected to criminal prosecution themselves under the same standards as citizens which is contrary to the Fourteenth Amendment.

64. Defendant City of Wisconsin Dells, whose address is 300 LaCross Street, Wisconsin Dells, WI 53965, is a person and private actor acting under color of law intentionally depriving the Plaintiffs of their federal rights through contract for providing legal services receiving tax payer funding and conspiring with others at all times relevant to the complaint and for prosecuting Plaintiff Jerry Simonson alleging serving civil process pursuant to federal civil rules of procedure is a violation of ordinance prohibiting trespass.

65. The Defendants are named in their official capacity except for Wisconsin state employees William Andrew Voigt, Brad Schimel, Brian O'Keefe, named in their individual capacity and are at all times relevant to the complaint for acts under color of law and or failure to perform mandatory acts under color of law to restraining federal civil rights deprivations pursuant to a policy, custom, or practice and retaliatory policy inflicting injury including arrest, lawsuit, and

charges violating Plaintiffs federal rights and exercising First Amendment retaliation animus.

66. The Defendants acted, conspired, failed to act or prevent, intentionally separately and or collectively under color of law, statute, ordinance, policy, regulation, custom, or usage of a practice which subjects and/or causes Plaintiffs as a citizen of the United States to be deprived of their rights, privileges, or immunities secured by the United States Constitution and federal rights with no meaningful or available unobstructed state court remedy to restrain and dismantle the Defendants continuing to operate Columbia County government as a alleged militarized Police State which now is blatantly using First Amendment retaliation animus through state court judges Hon. Michael Screnock, Hon. Rhonda Lanford and Hon. William Andrew Voigt operating a corrupted or dysfunctional court system under Wis. Stat. 813.125 depriving Plaintiffs of their statutory rights to engage in pre trial discovery and denied the right to be properly served with notice of hearing date in accordance with state statute. Deprived of their right to subpoena witnesses compelling appearance to testify before the court. These Judges are issuing Injunctions criminalizing and prohibiting Plaintiffs from exercising unobstructed rights guaranteed under the First Amendment of the United States and State of Wisconsin Constitutions which deprives the Plaintiffs of their 14th amendment federal right to equal protection and benefit of law and substantive due process and procedural due process.

67. Plaintiffs assert they have no constitutionally protected state court avenue as non lawyer self represented Plaintiffs to defend and prosecute post-deprivation claims before a fair and impartial state court that only exists in theory with no practical objective reality for obtaining relief and no unobstructed access to a fair and impartial error correcting Court of Appeals which has no requirement to liberally construe pleading in the favor by non lawyer pro se litigants instead enforces a structural bias in the state court system against non lawyer pro se self represented litigants imposing a presumption any pleading are deemed frivolous until proven otherwise.

68. Plaintiffs seeking error correcting remedy in the Wisconsin Court of Appeals is an exercise of futility and unavailable due to a unresolved structural bias against pro se Plaintiffs and no requirement for Courts to liberally construe pleadings in favor of the pro se non lawyer litigants.

## GENERAL ALLEGATIONS

69. This complaint does not seek damages and is an action seeking declaratory judgment and injunctive relief. Relief includes vacating "void or voidable" state court orders or judgments issued without authority, issued without subject matter jurisdiction, issued in violation of due

process, fraud, or other grounds in accordance with Federal law of voids and Wisconsin
Supreme Court decision in *Neyland v. Vorwald,* providing "any" court including Federal Courts
have jurisdiction to provide relief to vacate void or voidable Wisconsin state court orders. Or in
the alternative federal court issuance of a judgment and order to enjoin the defendants from
enforcing void or voidable orders that violate Plaintiffs federal rights. Plaintiffs present
constitutional challenge to declare certain Wisconsin statutes unconstitutional and declare
certain state court procedures and executive branch practices as unconstitutional as "applied to
Plaintiffs in these specific circumstances" and cases.

70. The General issue before the Court relate to the Defendants collectively engaging in acts of
First Amendment retaliatory punishment and Defendant Kasieta Legal Group with Mark
Hazelbaker leading the collateral attack upon federal court subject matter jurisdiction in
response to the Plaintiffs acting about May 2018, filing two federal cause of actions under 42
USC Section 1983 lawsuits against the Defendants and staff in federal court, which includes
arrest without probable cause, prosecutions without probable cause using tampered with or
fabricate evidence, and Judicially issued injunctions violating state statutes under color of state
law while Defendants themselves engaging in admitted felony violations of state criminal
statutes (see Garrigan confession statement case 18cv201 transcripts) while conducting
unrestrained uncharged continuing alleged federal offenses against the Plaintiffs violating 18
U.S.C. Sections 241 and Sections 242.

71. Without United States Government meaningful action, these Defendants are continuing
unrestrained inflicting injury upon Plaintiffs conducting alleged retaliatory alleged false arrest
without probable cause, retaliatory criminal prosecutions without probable cause, retaliatory
malicious prosecution of state court civil harassment injunction under Wis. Stat. 813.125
litigation, continuing massive intrusive surveillance [stalking]of Columbia County citizens.

72. Defendants are allegedly targeting  any person who exercises protected First amendment rights
alleging or exposing a governmental violation of a federal right resulting in continuous
unrestrained violations of Plaintiffs United States Constitution First, Second, Fourth, Fifth,
Sixth and Fourteenth amendment rights. And continuing alleged unrestrained  governmental
Stalking, surveillance, unreasonable Searches and Seizures without a search warrant, false arrest
without a warrant and without probable cause, continuing confinement in jail without probable
cause, unjustified criminal prosecutions (see Defendants exhibits surveillance reports in case
18cv230).

73. Defendants First Amendment retaliation animus selectively targeting a specific group of

Plaintiffs who are Columbia County citizens who are exercising religious faith based social justice ministry called "Operation Rolling Thunder" promoting acceptance of Gods laws in the Ten Commandments exposing the evidence contained in the Defendants and law enforcement officials own investigatory reports suggesting unjustified police killings and uncharged public corruption. The several Defendants admit they are culpable when several law enforcement staff caused the death or killed citizens (Keith Galster, Shaun Bollig, Kelly Bishell, Thomas Selje) and claim immunity protection provided by Wisconsin Professional Police Association lobbying powers under Wisconsin legislative Act 10. State Court Judges Hon. Michael Screnock, Hon. Rhonda Lanford, Defendant Hon. William Andrew Voigt issuing Injunctions and secret court orders criminalizing and obstructing Plaintiffs from seeking investigative justice through exercising First Amendment rights faith based social justice ministry collecting evidence to further support evidence of the defendants alleged uncharged criminal conduct described in John Doe Petitions filed by this group of citizens pursuant to Wis stat. 968.26 describing evidentiary facts in Columbia County Circuit Court Case No.'s 2016JD00005; 2017JD00015; 2018JD00002 to present to a federal grand jury.

74. Plaintiffs lack unobstructed meaningful avenues to obtain reasonable post deprivation remedy in the state courts as indigent non lawyer pro se citizens due to a structural bias in a state court tiered system designed for licensed attorneys with designed varying levels of due process which must be purchased by attorney legal fees. Legal Aid services are historically underfunded and reject most applicants. The Wisconsin Court of Appeals has established a practice depriving pro se litigants of Equal protection of law and their 14th Amendment U.S. Constitutional Right by defining any pleadings as frivolous when seeking relief pursuant to Wis. Stat. 806.07 provided by Wisconsin Supreme Court decision in Neyland v. Vorwald to vacate void orders or judgments issued without subject matter jurisdiction and Terry v. Kolski, 78 Wis. 2D, 475(1977) mandating the Wisconsin state court exercising subject matter jurisdiction under causes of action brought in state forum under 42 U.S.C. Section 1983.

75. Venue is appropriate in this judicial district under 28 U.S.C. Section 1391(b) because the events that gave rise to this Complaint occurred in this district.

**FACTS**

76. Plaintiffs exercised their protected speech, expression, assembly, religion, and petitioned government under the guaranteed First Amendment rights clauses of the United States Constitution in response to Defendants unrestrained alleged acts of uncharged and unrestrained public corruption described in John Doe Petitions filed by Plaintiffs pursuant to Wis. Stat.

17

968.26.  The Defendants acting in First Amendment retaliation animus filed Harassment Temporary Restraining order and Injunction hearing Petitions under Wis. Stat. 813.125 stating allegations that the Plaintiffs exercising First Amendment Clauses of protected speech constitutes Stalking, Harassment, False Swearing, Frivolous federal lawsuit complaint, supposedly causing the Defendants to feel intimidation with fear of death, harm, and hurt feelings from purportedly being personally served with federal summons and complaint by a process server.

77. The Plaintiffs assert they are exercising First Amendment protected speech through a non denominational faith based social justice out reach ministry called "Operation Rolling Thunder" to advocate acceptance of Gods laws of the Ten Commandment.  This free exercise of faith is peacefully expressed by Plaintiffs and other citizens through freedom of assembly to observe and monitor government officials and law enforcement officials, ask questions, request public records, attend government open meetings, conduct investigations, and petition the government and courts seeking a remedy for wrongs and or promoting governmental actions furthering tax payer resources accountability.  And Plaintiffs that advocate Wisconsin law enforcement officials, associations, and government officials to Boycott, Divest and Sanction Israeli military and prohibit receiving any Israeli provided police training services, consulting and equipment by prohibiting any use of tax payer funding and prohibiting any Wisconsin law enforcement officials to receive any training or travel to Israel in their official capacity until Israel ends it's military occupation of Palestine and Palestinians have equal rights.

78.  Plaintiffs separately, jointly and collectively filed state court actions pursuant to Wisconsin stat. 968.26 known as John Doe Petitions submitting evidence of believed criminal conduct of government officials employed by the defendants including Defendants Roger Brandner, Benjamin Oetzman, Mark Hazelbaker, William Andrew Voigt, to a judge requesting issuance of criminal charges and or conducting an inquiry to gather additional evidence to support criminal prosecution.  Plaintiffs also filed Petitions in state court on varying causes of actions or issues.

79.  Plaintiffs John Doe Petitions filed in state courts pursuant to Wis. Stat. 968.26, including those relating to the police killings of Keith Galster, Shaun Bollig, Kelly Bishell and Thomas Selje were referred by several different Judge's who in each case issued a judicial finding of "reasonable cause" that criminal conduct existed and referred each John Doe Petition to another Judge in accordance with legislative enactments to preside over the inquiry, issued criminal charges, or assign a special prosecutor.

18

80. Plaintiff's exercised First amendment rights under the Petition Clause filing in state courts pursuant to Wis. Stat. 968.26 John Doe Petitions well supported by material facts to support issuance of criminal felony charges against Judge William Andrew Voigt, District Attorney Jane Kohlwey, Police Detective Lieutenant and Portage School Board official Daniel Garrigan, Portage Community Schools officials Charles Poches, Robin Kvalo, Matthew Foster, Brad Meixner, and other persons. A retired reserve Columbia County Judge reviewed the John Doe Petition finding reasonable cause of criminal conduct and made a referral to a Special Prosecutor who declined to issue criminal charges (see Plaintiffs Petition filed in Columbia County Circuit Court Case 2018JD00002).

81. On about August 21-22, 2018, Defendant City of Portage employee Police Detective Lieutenant Daniel Garrigan testified under oath in Columbia County Court Case 18CV00201 admitting he committed violation of Wisconsin felony uncharged criminal statutes 946.12 and stat. 946.13, relating to private interest in public contract when he acted as a Portage School Board official voting for his wife-a teacher to get a huge pay raise and misconducted in public office for using his unmarked law enforcement vehicle for his and his family's financial benefit for years transporting his children to and from school while on duty, being paid as a Columbia County Sheriff Deputy Detective Sergeant. Garrigan appeared to implicate himself in the alleged cover-up in the Police killing of Shaun Bollig by Deputy Michael Haverley and is alleged to have committed perjury relating to one of his prior case violating a citizens Fourth Amendment rights in a horse seizure case that ended with dismissal of the criminal felony animal abuse charges and Wisconsin Court of Appeals and U.S. Seventh Circuit Court of Appeals finding that Garrigan committed violations of the citizens Fourth Amendment rights.

82. Plaintiffs assert the "trigger" for the Defendants First Amendment retaliation animus arising from Plaintiffs First Amendment protected act on about May 2018, filing a federal lawsuits against the Defendants that including allegation that: On about December 2017, Defendant Portage Community School District Board acted with Defendants City of Portage, Columbia County, and Kasieta Legal Group in creating a Three County Multi-jurisdictional Drug Task Force and launched a military style heavily armed police assault with several k-9 dogs taking custody of 800 children attending Portage High School as a search and seizure without any reasonable cause and without a search warrant. The Defendants targeted a Plaintiff O'Grady's family when they only physically seized two children of color from their classroom taking them "in physical custody constituting an arrest" of law enforcement authority for custodial interrogation in a small room "after" their family vehicle which was parked on the school

parking lot had been searched by Defendant City of Portage employee without a search warrant and Nothing illegal was found.

83. Plaintiffs collectively exercising their First Amendment protected rights described and defined in the establishment clause, free exercise clause, freedom of speech and of the press clause, freedom of assembly and petition the government clause evidenced when they filed a federal civil rights lawsuit under a cause of action pursuant to 42 USC Section 1983 and Wisconsin state court John Doe Petitions against the Defendants and other government officials alleging federal offenses including unrestrained public corruption defined as operating a criminal racketeering enterprise.

84. The Defendants exercised their governmental police powers intentionally causing intimidation threatening a retaliatory arrest and confinement of the Plaintiffs in jail if any defendant is served with summons and complaint at their abode pursuant to Federal Civil Procedure Rule 4, causing the Plaintiffs to be in fear of their safety and safety of their families and property.

85. At its most basic level, the First Amendment encompasses Plaintiffs federal right to advocate ideas, to speak freely, to associate with whomever they choose, and to petition the government for redress of grievances. This includes observing and reporting alleged and admitted criminal conduct of the Defendants and other public officials. The United States Department of Homeland Security has its "See Something Say Something" program to report suspicious persons activity which in this case happens to be the Columbia County and local government officials themselves. These activities are protected against blanket prohibitions and from restrictions which are based upon government opposition to the content of the idea being expressed.

86. Defendants City of Portage and staff, Columbia County and staff, Portage Community School District Board and staff, Sheriff Roger Brandner, Sheriff Deputy Sergeant Benjamin Oetzman, were represented by and engaged in a contract for legal services with Defendants Kasieta Legal Group and Defendant Attorney Mark Hazelbaker paid with tax payer money for the purpose of and did file in intentional First Amendment retaliation animus against Plaintiffs in state court civil action pursuant to Wis. Stat. 813.125 harassment temporary restraining order and injunction hearing cases alleging Plaintiffs filing federal civil rights lawsuits, John Doe Petitions, observing, looking at, and having them served with summons and complaints constituted felony stalking, harassment, intimidation, and criminal trespass. Plaintiffs allege the Defendants intentionally and recklessly launched a collateral attack on federal court lawsuit complaint exercising subject matter jurisdiction seeking to insert state court litigation

20

attempting to inextricably intermingle it with a federal cause of action to manufacture or procure the grounds to claim the Rooker-Feldman doctrine precludes federal court from presiding over the federal civil rights lawsuits.(see Defendant Attorney Mark Hazelbaker issuing his own personal judicial decision declaring the Plaintiffs pro se federal lawsuit complaints as frivolous exonerating himself as one of the defendants and State Court Judges Michael Screnock, Rhonda Lanford, William Andrew Voigt, all agree. Cases 18cv201, 18cv230, etc..)

87. Defendants  Axley Brynelson, Stafford Rosenbaum were retained and hired by Defendants City of Portage, Columbia County, and Portage Community School District Board under a contract for legal services paid by tax payer funds for defending against the federal civil rights lawsuits brought against them by the Plaintiffs.  According to written statements containing the signatures of Columbia County Sheriff Deputy's Leda Wagner and Todd Wagner provided to Wisconsin Dells police officers on about July 29, 2018 to justify the arrest of process server Plaintiff Jerry Simonson after he served Leda Wagner with federal lawsuit summons and complaint on the charge of felony Stalking, admitted the Defendant law firms Axley, Stafford, Kasieta conspired with Defendant Columbia County and staff to launch intentional First Amendment retaliation using governmental police powers for state court action under stat. 813.125 for issuance of injunctions and criminal arrest and prosecutions under s. 940.32 Stalking, providing a list of targeted persons naming: John Gruber, David Thom, Crystal Thom, Robert Zeier, JoAnn Winter, Robert Wentworth, Raymond Boyle, William Cadwallader and Michael O'Grady with a star after his name.

88. Defendant Axley Brynelson had been hired and retained under a contract to provide legal services by Columbia County paid with tax payer funding representing all of the named respondents in the John Doe Petition pursuant to Wis. Stat. 968.26 related to the citizens John Doe Petition alleging unjustified police killing of Shaun Bollig, Thomas Selje, Kelly Bishell supplemented with video recording evidence and evidence establishing allegation of culpability in a cover-up involving Judge William Andrew Voigt, former District Attorney Jane Kohlwey constituted alleged violations of Wisconsin state homicide law and other crimes constituting federal offenses under 18 U.S.C Section 242 and Section 241.

89. The Plaintiffs had engaged in constitutionally protected activity, suffered injury by the intentional actions and policy of retaliation by the defendants,  caused by the defendants adverse actions substantially motivated against the Plaintiffs exercise of constitutionally protected conduct under the clauses described under the First amendment and Wisconsin

Constitution, article I, Sections. 1 Equality, 3 Free speech, 4 Right To Assemble and Petition, 5 Trial by jury in civil cases, 7 Rights of the Accused, 9 Remedy for Wrongs, 11 Searches and Seizures, 18 Freedom of worship, 21 Rights of a suitor, 22 Maintenance of a free government.

90. Plaintiffs assert that on about July 29, 2018, Defendant Columbia County and staff acting in a conspiracy with the other Defendants engaged in a retaliatory arrest of Plaintiff Jerry Simonson while he was in the act of serving civil process of federal summons and complaint pursuant to federal civil procedure rule 4, charging him with felony Stalking, without probable cause violating his federal rights guaranteed under the First, Fourth, Fourteenth amendments of the U.S. Constitution and Wisconsin State Constitution. Defendant Columbia County and Defendant Sheriff Brandner continued to keep Plaintiff Simonson held without bond in Jail after a Judge issued a finding of "No Probable Cause" ordering his immediate release. Defendants ignoring the Court order intentionally falsely imprisoned Plaintiff Simonson until it was convenient for Defendant O'Keefe to dispatch specially trained interrogator's from Wisconsin Department of Justice Division of Criminal Investigation, Special Agents Jeff Twing and Lourdes Fernandez and unlawfully questioned Plaintiff Simonson about "Operation Rolling Thunder" and details about the Plaintiffs federal civil rights lawsuit, on about August 1, 2018.

91. On about August 16, 2018 Defendants City of Portage, Kasieta Legal Group and Mark Hazelbaker acting in furtherance of a continuing conspiracy with the other Defendants who had been conducting continuous surveillance without a search warrant of the Plaintiffs activities preparing witnesses and obtaining evidence in defense of the Defendants harassment allegation case scheduled for trial on August 21-22, 2018 (Columbia County case 18cv210), ordered the retaliatory arrest of Plaintiff Michael O'Grady while he was in a Ho Chunk Nation building located in Baraboo, Sauk County. At least three heavily armed Sauk County Sheriff Deputy's charged into the building conducting a room to room search without a search warrant until locating Plaintiff O'Grady and arresting him without a warrant, without probable, without exigent circumstances, intentionally violating his federal rights guaranteed under the First, Fourth, Fourteenth amendments of the U.S. Constitution and Wisconsin State Constitution.

92. On about 10/10/2018, Dane County Circuit Court Judge Rhonda Lanford, acting and presiding over a Columbia County Case 18CV00230, brought by Defendant Columbia County and staff, Sheriff Roger Brandner and Defendant Attorney Mark Hazelbaker, who provide his notarized signature identifying himself as the "Petitioner seeking Harassment/Injunction protection under Wis. Stat 813.125", denied without explanation the Plaintiffs motion to dismiss the Harassment Petition on grounds it was served without a mandatory notice of court hearing date stat. 813.125

(5(a)(4)(b) and several Plaintiffs had not been served evidenced by affidavit of non service. Defendant Hazelbaker falsely testified that all Plaintiffs had been served by Defendant Columbia County staff Sheriff Deputy's which the Plaintiffs' also alleged voids service of those petitions on grounds of being a party to the harassment restraining order injunction relief violating Wisconsin statutes. Judge Lanford knew or should have known a defective petition deprives the state court of authority, subject matter jurisdiction is lacking and personal jurisdiction is lacking when Judge Lanford acting as the Court accepting testimony she knew or should have known was false constituting perjury but did allegedly erroneously admit as true evidence over objections by Plaintiffs disputing all of Defendants testimony and exhibits submitted by Columbia County. Judge Lanford violated a declaratory decree when she ignored the Defendants federal civil rights deprivations and acted under color of law and granted Relief to Defendants Columbia County and staff issuing an Injunction criminalizing the Plaintiffs any further exercising rights under the First Amendment as described in the Injunction order.

93. The Plaintiffs lack any unobstructed state court avenue to obtain post deprivation meaningful relief which only exist in theory of state court of appeals error correcting relief and only theory of Wisconsin Judicial Commission and Office of lawyer Regulation meaningful enforcement of judicial and attorney ethics violations which do not deter continuing unrestrained violations.

94. On about 12/19/2018, Sauk County Circuit Court Michael Screnock acting and presiding over a Columbia County Case 18cv00201, brought by Defendant City of Portage and staff. Defendant Attorney Mark Hazelbaker who provides legal services by notarized signature of City administrator Shawn Murphy on the Petition seeking protection under Wis. Stat 813.125, accepted all testimony and exhibits submitted by City of Portage and granted Relief issuing an Injunction criminalizing the Plaintiffs any further exercising rights under the First Amendment without resolving the disputed genuine issues of material facts contained in the record including conflicting statements of Defendant City of Portage and staff which may constitute perjury and false swearing. Judge Screnock inextricably intermingled civil case 18cv201 with Plaintiffs new criminal case by presiding over the bond hearing as a hybrid combination of a civil and criminal case and knew Plaintiff had been held in Jail without bond since about August 16, 2018 and without access to legal counsel but ordered Plaintiff released from jail on signature bond given one hour to walk from the jail and appear before the Court to present a defense for a two day trial on August 21, 2018. Plaintiff repeatedly requested to be represented by legal counsel since criminal allegations were made by the Defendants on the same subject matter and requested time to obtain proper legal counsel all denied by Judge Screnock. (see hearing

transcripts 18cv201)

95. State Court issued Judicial Injunctions and Protective orders by Judges Hon. Michael Screnock, Hon. Rhonda Lanford, requested by the Defendants and others exercising governmental authority serve as prior restraint prohibits speech and other expressions guaranteed under the First Amendment clauses before the speech and other expressions happen. According to these Judicial Injunctions it is a criminal act for the Plaintiffs to continue litigating federal civil rights lawsuit against the Defendants' and from Plaintiffs exercising due diligence seeking public records to further support federal complaint allegations and comply with Federal Civil Procedure Rule 11 to continue the investigation collecting facts to support the merits of these federal cause of actions. These Judicial Injunctions and Protection orders issued under color of state law are in conflict with the Plaintiffs Wisconsin Constitutional Rights, article I, Section 21(2) Rights of a suitor, Section 7, and creates tension with Plaintiffs federal rights under federal law described in the Federal Civil Procedure rules to continue acting pro se collectively to prosecute federal civil rights lawsuits against the Defendants.

96. Judicial Injunctions issued by Judges Michael Screnock and Rhonda Lanford prohibit the Plaintiffs from: any freedom of expression, speech, unless approved by a licensed attorney, no communication of any form with protected persons except through a licensed attorney, no contact and no coming within 25 feet of any protected person, no parking a vehicle within sight of any law enforcement vehicle, no religious expression unless approved by licensed attorney, no exercise right to petition government unless signed by licensed attorney, no walking into any government building without first obtaining written permission, no observing and may not look at any protected person, the protected persons are identified as the Defendants City of Portage and staff, Columbia County and staff, Sheriff Department and staff, and Defendant Attorney Mark Hazelbaker, and violations are enforced against the Plaintiffs by arrest as criminal acts punishable by 9 months confinement or $10,000 dollar fine.

97. Plaintiffs assert they have a Wisconsin Constitutional right under article I, Section 21(2), Rights of a Suitor, to equally exercise Wisconsin legislative enactments for civil procedures as genuine acts to engage in pre trial discovery and use of including issuance of subpoena to compel witness testimony in the defense of or prosecuting a state court acting pro se as their own attorney equally under protection and benefit of law as any government official or licensed attorney acting as the opposition in this adversarial state court system.

98. Plaintiffs assert the Defendants exercising their governmental police powers enforcing a policy of retaliatory arrest and prosecution of Plaintiffs under Wisconsin criminal statutes felony

Simulating legal process is challenged as unconstitutional on several grounds including violation of the equal protection clause and the Fourteenth Amendment of the United States Constitution.

99. Plaintiffs assert the Defendants exercising their governmental police powers enforcing a policy of retaliatory arrest and prosecution of Plaintiffs under Wisconsin criminal statutes felony Stalking relating to acting pursuant to Federal Civil Procedure Rules 4 and Rule 11 and Wis. Stat. 968.26 and the First Amendment is challenged as unconstitutional on several grounds including violation of the equal protection clause and the Fourteenth Amendment of the United States Constitution.

100.     Plaintiffs assert the Harassment Temporary Restraining order and Injunction hearing defined under Wis. Stat. 813.125 state court action filed and brought by Defendants Benjamin Oeztman, Columbia County, Kasieta Legal Group, Mark Hazelbaker under Columbia County Circuit Court case 18cv181 constitutes a intentional malicious prosecution based upon false allegations against Plaintiff O'Grady which produced an evidentiary record to support a prima fascia grounds for issuance of criminal charges against theses Defendants alleging felony False swearing, Stalking Plaintiff O'Grady, and misconduct in public office. Dane County Judge Hon. Neiss presided over this case after the recusal of Court Commissioner Charles Church and vacated the temporary restraining order finding reasonable cause was lacking. While Plaintiff O'Grady filed a motion to dismiss establishing the facts in the record clearly establishing grounds for charging Defendant Oeztman with felony stalking and false swearing based upon his notarized signature on his Petition for Harassment Injunction and sworn testimony with submitted photographs he had been secretly taking of Plaintiff O'Grady, was pending, when the Defendants Columbia County, Benjamin Oetzman, and Mark Hazelbaker voluntarily dismissed the case.

101.     Defendant Columbia County and staff engaged in First Amendment retaliation animus against Plaintiff Raymond Boyle on about February 2018 executing a militarized police assault on his residence using a search warrant to search his neighbors residence and arresting him without probable cause and without a search warrant for his residence while the Defendants charging him with felony criminal drug dealer allegations knowing Plaintiff Boyle is a Columbia County citizen who is against corruption and signed a John Doe Petition exercising First Amendment rights called "operation rolling thunder" alleging public officials Roger Brandner, William Andrew Voigt and others engaged in criminal conduct related to police killing citizens. Defendant Voigt acting under color of law as a Circuit Court Judge is presiding

over Plaintiff Boyles criminal case and has refused to accept and refuse to hold a hearing for issuing a decision on the pro se motions to dismiss and change of venue filed by Plaintiffs pursuant to his Wisconsin Constitutional right, Section 7, to be heard.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

102.    Plaintiffs incorporate all of the above paragraphs as though fully set forth herein.

103.    The First Amendment provides: " Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances". U.S. CONST. Amend. I.

104.    The First Amendment binds the State of Wisconsin pursuant to the incorporation doctrine of the Fourteenth Amendment. U.S. CONST. Amend XIV.

105.    The Wisconsin Constitutions article I, Declaration of Rights sections are binding upon the legislative branch, the executive branch, and especially the judicial branch which has the non discretionary mandatory duty to enforce compliance upon the other branches of government when depriving citizens of their protections under these state constitutional rights and enforce superior courts interpretations of these constitutional rights.

106.    Section 1. Equality; Inherent rights, under Article I, Declaration of Rights in the Wisconsin Constitution provides: "All people are born equally free and independent, and have certain inherent rights; among these are life, liberty and the pursuit of happiness, governments are instituted, deriving their just powers from the consent of the governed.

107.    Section 3. Free Speech; libel, under Article I, Declaration of Rights in the Wisconsin Constitution provides: Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right, and no laws shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions or indictments for libel, the truth may be given in evidence, and if it shall appear to the jury that the matter charged as libelous be true, and was published with good motives and for justifiable ends, the party shall be acquitted; and the jury shall have the right to determine the law and the fact.

108.    Section 4. Right to Assemble and Petition, under Article I, Declaration of Rights in the Wisconsin Constitution provides: The right of the people peaceably to assemble, to consult for the common good, and to petition the government, or any department thereof, shall never be abridged.

26

109.    Section 5. Trial by jury; verdict in civil cases, under Article I, Declaration of Rights in the Wisconsin Constitution provides: The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law. Provided, however, that the legislature may, from time to time, by statute provide that a valid verdict, in civil cases, may be based on the votes of a specified number of the jury, not less than five-sixths thereof.

110.    Section 7. Rights of accused, under Article I, Declaration of Rights in the Wisconsin Constitution provides: In all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his behalf; and in prosecutions by indictment, or information, to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed; which county or district shall have been previously ascertained by law.

111.    Section 9, Remedy for Wrongs, under Article I, Declaration of Rights in the Wisconsin Constitution provides: Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

112.    Section 11, Searches and seizure, under Article I, Declaration of Rights in the Wisconsin Constitution provides: The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

113.    Section 18, Freedom of worship; liberty of consciousness; state religion; public funds, under Article I, Declaration of Rights in the Wisconsin Constitution provides: The right of every person to worship Almighty God according to the dictates of conscience shall never be infringed; nor shall any person be compelled to attend, erect or support any place of worship, or to maintain any ministry, without consent; nor shall any control of, or interference with, the rights of conscience be permitted, or any preference be given by law to any religious establishments or modes of worship; nor shall any money be drawn from the treasury for the benefit of religious societies, or religious or theological seminaries.

114.    Section 21, Rights of Suitors Article I, Declaration of Rights in the Wisconsin Constitution provides: 1) Writs of error shall never be prohibited, and shall be issued by such

27

courts as the legislature designates by law. 2) In any court of this state, any suitor may prosecute or defend his suit either in his own proper person or by an attorney of the suitor's choice.

115.     Section 22, Maintenance of free government, Article I, Declaration of Rights in the Wisconsin Constitution provides: The blessings of a free government can only be maintained by a firm adherence to justice, moderation, temperance, frugality and virtue, and by frequent recurrence to fundamental principles.

116.     Political speech on issues of national, international and local importance is central to the purposes of the First Amendment.  Speech and advocacy related to the Israel – Palestinian conflict is core political speech on a matter of public concern entitled to the highest levels of constitutional protection. United States and State of Wisconsin law enforcement officials regularly travel to Israel on all expenses paid trips through the Jewish Institute for Nation Security of America, Inc, receiving training modeled on the Israel military occupation of Palestine and Zionism ideology advocating the militarization of civilian police practices upon return to the United States.  Plaintiffs and similarly situated citizens are suffering irreparable injury and deprived from unobstructed exercising their federal rights directly and indirectly by the export of Israel military occupation methods and equipment applied to Palestine through the Defendants being enforced upon the Plaintiffs in the State of Wisconsin.

117.     Economic boycotts for the purpose of bringing about political change are entrenched in American history, beginning with colonial boycotts on British tea.  Later the Civil Rights Movement relied heavily on boycotts to combat racism and spur societal change.  The Supreme Court has recognized that non-violent boycotts intended to advance civil rights constitute "form[s] of speech or contact that [are] ordinarily entitle to protection under the First and Fourteenth Amendments". *NAAC v Claiborne Hardware Co.*, 458 U.S. 886 (1982).

118.     The right to free speech serves not only to protect the rights of the speaker, but to uphold the general public interest in having access to information within a free flowing market-place of ideas. *Pacific Gas and Elec Co. v. Public Utilities Comm'n of Cal.*, 475 U.S. 1, 8 (1986). The Supreme Court has stressed the importance of this fact noting,... that falsehoods may be exposed through the process of education and discussion is essential to a free government. Those who won our independence had confidence in the power of free and fearless reasoning and communication of ideas to discover and spread political and economic truth. *Thornhill v. Alabama.*, 310 U.S. 88, 95 (1940)

119.     The First Amendment protects the rights of speakers to call for and participate economic boycotts as a means of amplifying their message. Joining voices together to participate in and

call for political boycotts is protected association under the First Amendment.

120.    The First Amendment protects the rights of speakers to call for and participate in the investigation of potential public corruption and potential unjustified police killings of citizens who join together signing John Doe Petitions under Wis. Stat. 968.26 submitting this Petition to the Clerk of Courts for assignment to a Judge to consider if reasonable cause exist based upon the information that a crime was committed by government officials as a means of amplifying their message. Joining voices together to participate in and call for the State of Wisconsin issuance of criminal charges, or a Judicial inquiry, or assignment of a Special Prosecutor for consideration of further investigation, is protected association under the First Amendment.

121.    The First Amendment protects the rights of speakers to call for and participate an expression of religion under Gods Ten Commandment laws through social justice ministry advocating for justice, civil rights, exposing governmental public corruption is protected association under the First Amendment.

122.    The First Amendment protects the rights of speakers to call for and participate an expression of religion under Gods Ten Commandment laws assembling together through social justice ministry submitting citizens signatures on a Petitions to the United States Government requesting to convene a federal Grand Jury of Special Grand Jury consideration of allegation that federal offenses were committed by Columbia County government officials against the Plaintiffs and citizens  exposing governmental public corruption is protected association under the First Amendment.

123.    The First Amendment protects the rights of speakers to call for and participate in an expression of religion under Gods Ten Commandment laws assembling together through social justice ministry submitting citizens signatures on a Petitions to the United States Government in the form of pro se lawsuit complaint filed in the United States District Court for the Western District of Wisconsin under a federal cause of action pursuant to title 42 U.S.C. Section 1983 and other grounds requesting relief for wrongs committed constituting violation of federal rights by government officials acting under color of state law  exposing governmental public corruption is protected association under the First Amendment.

124.    Wis. Stat. 813.125 Harassment restraining orders and injunctions and it's section (2)
"*Engaging in a course of conduct or repeatedly committing acts which harass or intimidate another person and which serve no legitimate purpose*" when used or more accurately described as weaponized by governments Columbia County and staff, City of Portage and staff, Portage Community Schools District Board and staff acting as "persons" defined under by Wis. state statute 990.01(26) through legal

29

representation by Kasieta Legal Group LLC and Attorney Mark Hazelbaker in several state court actions against the Plaintiffs in Columbia County Circuit Court cases describing in their Harassment Petitions for relief alleging that the Plaintiffs protected First Amendment activity related to federal civil rights lawsuits were alleged to be: frivolous, John Doe Petitions were frivolous, looking at government officials "caused" the Defendants feelings of intimidation with fear of death causing serious mental anguish. These Defendants claiming as persons pursuant to Wis. Stat. 990.01(26) defining governments and corporations as persons with feelings continued alleging the Plaintiffs requesting public records caused the Defendants hurt feelings of fear and intimidation, claiming Plaintiff Jerry Simonson performing civil process pursuant to Federal Civil Procedure Rule 4, serving the defendants and staff with summons and complaint caused intimidation and fear of death, all of which the Defendants alleged constituted Stalking, Harassment, False swearing, and had no legitimate purpose. The Defendants Harassment Petitions allegations made under stat. 813.125 was filed as a selected response to the Plaintiffs federal lawsuit allegations in a state court system containing a structural bias against pro se non lawyers that deprives the pro se Plaintiffs from fully and freely engaging in meaningful pre trial discovery, no right to assistance from legal counsel. Wis. Stat. 813.125(2) constitutes an impermissible attempt to impose both civil and criminal sanctions and usurp federal court subject matter jurisdiction relating the Plaintiffs and similarly situated citizens from fully and freely exercising rights under the First Amendment Clauses.

125.      Defendant Kasieta Legal Group and Attorney Mark Hazelbaker submitted written letters to the Columbia County Circuit Court Judges vilifying and demonizing the pro se Plaintiffs as anti-Israel, anti-Semites, frivolous litigators, and racists for supporting Palestinian equal rights who are denied citizenship under the Israel Nation Jewish State Law and the continuing military occupation.

126.      Wis. Stat. 813.125 Harassment restraining orders and injunctions and it's section (2)(a) commencement of action, is on its face, structurally and as applied to Plaintiffs, unconstitutional depriving persons of the right to prior notice of hearing date, location, and the Due process provisions under the United States Constitution and Fourteenth Amendments and Wisconsin Constitution, deprives Plaintiffs of the right to: a jury trial in Section 5, which has authority to nullify the law and determine the facts in Section 3, act pro se as a suitor with equal pre trial discovery rights as a governmental official or attorney in Section 21.

127.      Wis. Stat. 813.125, unconstitutionally deprives citizens and as applied to Plaintiffs of their Wisconsin constitutional right to a jury trial when governments acting as persons weaponize the law against citizens to chill First Amendment rights which allows a County governmental employee Court Commissioner or Judge authority to arbitrarily determine the definition of what constitutes a legitimate First Amendment purpose and to grant relief to

governments as persons issuing a Injunction order imposing criminal penalty prohibiting Plaintiffs from exercising First Amendment rights except through a licensed Wisconsin attorney to communicate speech, email, written, and "any" other communication with Defendants. The state judicial issuance of Injunctions with no contact provisions as relief under this statute constitutes content-specific restrictions on speech and prior restraint on speech, by requiring speakers to hire and pay legal fees to a licensed attorney to obtain written certification in advance that the speech will not cause any hurt feelings of the "governments" as persons and their staff defined as persons in need of protection.

128.　　Wis. Stat. 813.125, unconstitutionally deprives citizens of their Wisconsin constitutional right to a jury trial to determine the facts and the law with power for nullification under Wisconsin Constitutions, article I, Section 3, Free speech, which allows a Judge authority to arbitrarily determine the definition of what constitutes a legitimate First Amendment purpose and to grant relief to governments as persons issuing a Injunction order imposing criminal penalty prohibiting Plaintiffs from exercising First Amendment rights except through a licensed Wisconsin attorney to Petition the government or courts for redress and obtain a remedy for wrongs. Specifically prohibiting the Plaintiffs from continuing to exercise pro se First Amendment rights to continue litigating their pro se federal lawsuits against the Defendants and prohibited the Plaintiffs from collecting more evidence related to unjustified police killings of citizens including public corruption and obstructed from submitting evidenced pursuant to Wis. Stat.968.26 to a Judge describing alleged criminal conduct of the defendants.　　The state judicial issuance of Injunctions constitutes an impermissible State attempts to impose an ideological litmus test or compel speech related to citizens' and Plaintiffs' expressions, political beliefs, associations, and Petitions the courts and government for redress under the First Amendment.

129.　　Wis. Legislature enacted Assembly Bill 553 and Wisconsin Governor Walkers Executive order 261, establishing the "No Boycott of Israel" provision for Israel military, national police, private security consultants, using their military occupation experience gained from the Israeli military occupation of Palestine for teaching and supporting Wisconsin law enforcement officials in militarizing American law enforcement using Israeli methods clause operate to chill the exercise of constitutionally protected speech, Petitioning the court or governments for redress and associations.

130.　　Wis. Stat. 813.125 is administered by the state court under a procedure that prohibits non lawyer pro se citizens and Plaintiffs from equal protection and benefit of law for meaningful

opportunity to fully and freely exercise pre trial discovery civil procedure rules unconstitutionally obstructing and depriving Plaintiffs of their substantive due process rights.

131.    Wis. Stat. 813.125  used or applied against the Plaintiffs as a weapon by governments acting under color of law as persons under Wis. Stat. 990.01(26) with unlimited financial resources using fiduciary control over tax payer funds to pay for Kasieta Legal Group and Mark Hazelbaker legal representation and present unlimited governmental staff as witness who receive their tax payer provided pay, against the Plaintiffs and citizen tax payers who either must pay their own legal expenses or attempt because of indigency to represent themselves pro se, in defense from First Amendment retaliation animus, is  unconstitutional as applied to the Plaintiffs exercising their faith based social justice ministry under Gods Ten Commandment laws to hold government officials who act above the law.  Plaintiffs' and citizens have already proven government officials criminal conduct and cover-ups, in the unjustified police killings of Keith Galster, Shaun Bollig, Kelly Bishell, Thomas Selje, and unrestrained existence of a militarized police state government exercising First Amendment protected rights.

132.    Wis. Stat. 813.125 is facially unconstitutional when used by governments against their own citizens and as applied against the Plaintiffs under the First Amendment intentional retaliation animus and cannot be enforced against anyone by the Wisconsin Attorney General as a weaponized collateral attack on federal court litigation, state court John Doe Petitions under Wis. Stat. 968.26, and communications to the United States Attorney General requesting federal Grand Jury proceedings to consider evidence of Defendants alleged federal offenses.

133.    Absent an injunction, Plaintiffs will continue suffering irreparable harm because they are barred by state law and state court judicially issued injunctions imposing criminal penalties and obstructions from engaging in protected First Amendment speech, association, expression, exercising religious faith ministry, and Petition the courts and government for redress.

134.    Absent an injunction restraining enforcement of Assemble bill 553 and executive order 261, Plaintiffs will continue suffering irreparable harm because they are barred by state law and state court judicially issued injunctions imposing criminal penalties and obstructions from engaging in protected First Amendment speech, association, expression, exercising religious faith ministry, and Petition the courts and government for redress when Plaintiffs find evidence of criminal conduct in Columbia County law enforcement or police using Israeli taught methods to preemptively justify killing citizens under a claim of suicide by cop using a practice involving conflicting claims of justification and false statements or tampered supposed evidence.

135.    If Defendants are not enjoined from enforcing Wis. Stat. 813.125 harassment restraining orders and injunctions prohibitions, Plaintiffs and all advocates for equal protection and benefit of law including equal standard for prosecuting the proven criminal conduct of public officials and law enforcement officials to restrain a militarized fascist police state, will be effectively stripped of their federal rights and state rights under both Constitutions with no meaningful remedy to exercise First Amendment rights of speech, assembly, and petition government and the courts for redress and right to a remedy.

### SECOND CAUSE OF ACTION
**VIOLATION OF THE FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION** AND WISCONSIN CONSTITUTION

136.    Plaintiffs incorporate all of the above paragraphs as though fully set forth herein.

137.    Individuals and Plaintiffs have a First Amendment right of unobstructed access to the judicial system, (See James F. Pfander, Sovereign Immunity and the Right to Petition: Toward a First Amendment Right to Pursue Judicial Claims Against the Government, 91 Nw. U.L. Rev. 899 *passim* (1997) (detailing First Amendment right to seek judicial redress)) and it is unlawful for a government official to retaliate against the Plaintiffs for exercising this right. (See, e.g. Farrow v. West, 320 F. 3d 1235, 1248 (11th Cir 2003)(retaliating against prisoner for filing lawsuits or grievances is unlawful)

138.    Defendants conspired and had a meeting of the minds to engage in intentional First Amendment retaliation against the Plaintiffs because of filing federal civil rights lawsuit against the Defendants, their staff or clients, by first physically confronting the Plaintiffs communicating threats including arrest and then filing harassment temporary restraining order injunction hearing civil actions under Wis stat. 813.125, seeking to compel the Plaintiffs act without the financial means to hire legal counsel in a futile attempt to present a defense pro se because they are indigent, with a criminal design for intentionally causing the creation of circumstances while maintaining surveillance to arrest the Plaintiffs and charge them with a variety felony criminal allegations related to exercising due process rights and pre trial discovery rights pro se to defend against the Defendants First Amendment retaliation animus using tax payer contracted law firms to file state court civil lawsuits. (see five Columbia County Circuit Court cases filed by Kaseita Legal Group, Attorney Mark Hazelbaker)

139.    Defendants O'Keefe enforced former Attorney General Brad Scimel's policy against the Plaintiffs and citizens known as: Kicking Ass Every Day (K.A.E.D) printed on challenge coins issued to law enforcement officials using unjustified violence upon citizens including belief

Defendant Sheriff Brandner nominated Sheriff Deputy Jordan Haueter for the award for killing Mr Thomas Selje. Defendants acting with Wisconsin Department of Justice Division of Criminal Investigation did upon the Plaintiffs filing the federal lawsuits about May 2018 opened a secret criminal investigation targeting the Plaintiffs First Amendment rights without reasonable cause, without probable cause, without exigent circumstances and without a search warrant conducting surveillance and searches of the Plaintiffs persons, property, papers, and protected information including electronic surveillance in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendment of the United States Constitution and Wisconsin State Constitutions article I, Declaration of rights.

140.    Defendants Kasieta Legal Group, Axley, Stafford law firms and Defendants conspired to devised a scheme as a pretext to arrest Plaintiffs by supposedly waiving service of the lawsuit summons and complaints contrary to Federal Civil Procedure Rule 4 as the civil process servers had been locating federal lawsuit law enforcement defendants who were avoiding service at their abode. Defendants claim they used and relied entirely upon the United States Postal Service to supposedly inform the pro se group of Plaintiffs of the waiver of service and imposed conditions upon the Plaintiffs dictating how to act pursuant to the rules of civil procedure.

141.    On about July 29, 2018 Defendants ordered the arrest of Plaintiff Jerry Simonson while in the act of serving civil process upon Sheriff Deputy Leda Wagner by service upon her husband Sheriff Deputy Sergeant Todd Wagner. Defendant City of Wisconsin Dells police officers charged Plaintiff Simonson with felony Stalking under Wis. Stat. 940.32 and lodged him in the Columbia County Jail. Plaintiff Simonson was arrested without a arrest warrant, without probable cause, without exigent circumstance and held without bond until Wisconsin Department of Justice Division of Criminal Investigation special agents Jef Twing and Lourdes Fernandez arrived and interrogated Mr Simonson ordering him to stop serving the federal law suit summons and complaint and to follow the orders from the Defendants Kaseita Legal group, Axley, Stafford Attorneys and the Defendants. Plaintiff Simonson was not formally charged with felony stalking and was not released from jail after a Judge issued an order to release him finding No Probable Cause to confine him in jail.

142.    On about August 16, 2018, Defendants conspired and ordered the arrest of Plaintiff Michael O'Grady while tracking his movements using electronic surveillance by Sauk County Sheriff Deputy's without a arrest warrant, without probable cause, without reasonable cause, without exigent circumstance and without a search warrant when they charged into a building located in Baraboo, WI owned by the Ho Chunk Nation, conducted a room by room search until

locating the Plaintiff putting him in handcuffs charging him with violation of felony simulating legal process under Wis. Stat. 946.68. Plaintiff was transported to Columbia County Sheriff Deputy to Columbia County Law enforcement Center located at 711 E. Cook Street, Portage WI for a planned interrogation by Sauk County Sheriff Deputy Detective Lieutenant Chris Zunker and others who read Plaintiff his Miranda Rights. Plaintiff demanded immediately access to speak with a specific attorney by name at personal expense and exercised the right to remain silent. Lieutenant Zunker deprived Plaintiffs his right to immediate access to the attorney as that right is described by Wisconsin statute as a misdemeanor criminal offense by law enforcement refusal to allow communication with the attorney.

143.       Defendant Columbia County and its agents lodged Plaintiff O'Grady in Columbia County Jail denying bond, no unobstructed access to communicate with legal counsel, while Defendants further conspired to construct criminal allegations which involved Defendant Judge William Andrew Voigt participating in the supposed criminal investigation both as a claimed victim then simultaneously as a Judge issuing a Probable Cause for the charges against Plaintiff alleging violation of Wis. Stat. 946.68.

144.       Wis. Stat. 946.68, provides that: *(a) Except as provided in pars. (b) and (c), whoever sends or delivers to another any document which simulates legal process is guilty of a Class I felony.* Defendant Brad Schimel acting under color of law as Wisconsin Attorney General selectively re-interpenetrated the meaning of *"simulated legal process"* selectively to apply to pro se non lawyer Plaintiffs defending themselves against "genuine" lawsuits brought by the government as a criminal act to end the civil action in favor for the government officials through arresting the Plaintiffs in favor for the Defendants. Plaintiffs exercised a "genuine" right of legal process in a "genuine" state court proceeding pursuant to the Due Process and Equal Protection clause under the United State Constitution, First, Fifth, Sixth and Fourteenth Amendments. The Wisconsin Court of Appeals has described the Defendants use of these tactics explaining the purpose of the entrapment defense – is to prevent agents of the State from entrapping a citizen by forming a criminal design and then inducing otherwise innocent citizens to commit an act in self defense so that the government may prosecute the citizen while State agents remain above the law immune for their own criminal conduct. Hawthorne v State 43 Wis 2d 86.

145.       Wis. Stat. 946.68 is facially, structurally, and as applied, "unconstitutional" under the First Amendment Petition Clause and Fourteenth Amendment and Equal Protection clause for the Plaintiffs and pro se citizens to fully and freely engage in unobstructed pre trial discovery

and rights to compel the appearance of witnesses before the court pursuant to Wisconsin legislative enactments and State Constitutional rights of the Plaintiffs deprived of rights to representation by licensed attorneys to present a properly supported by material facts and evidence a meaningful defense against civil lawsuit harassment & stalking allegations alleged by government officials and Defendants under Wis. Stat. 813.125.

146.        Wisconsin legislature and other Circuit Court Judges have defined and issued instructions that Plaintiffs self representation in state courts as pro se non lawyer litigants is "genuine" and have the equal and same rights as licensed attorneys or government officials to exercise pretrial discovery including compelling the appearance of witness before the court becoming a well settled custom, practice, or policy, suddenly reversed by the Defendants as a pretext to arrest, charge, and prosecute Plaintiffs.

147.        Absent an injunction, Plaintiffs will continue suffering irreparable harm because they are barred by Defendant Schimel interpretation that Plaintiffs as non lawyer pro se litigants exercising rights of pre trial discovery and to compel witness to appear in court by subpoena in genuine state court cases pursuant to prior circuit Court judges and clerk of courts instructions as genuine rights, but now in expo facto fashion is now declared a felony violation of state law 946.68. Additionally, Defendants and state court judicially issued injunctions imposing criminal penalties and obstructions from engaging in protected First Amendment speech, association, expression, exercising religious faith ministry, and Petition the courts and government for redress with threats of more criminal charges has irreparably injured Plaintiffs federal rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

148.        If Defendants are not enjoined from enforcing Wis. Stat. 946.68 through criminal prosecution as applied against Plaintiff described in 18CF419, and other cases, and from malicious harassment injunctions as applied against Plaintiff under stat. 813.125, in First Amendment retaliation animus, Plaintiffs and all advocates for equal protection and benefit of law including equal standard for prosecuting the proven criminal conduct of public officials and law enforcement officials to restrain a militarized fascist police state, will be effectively stripped of their federal rights and state rights under both Constitutions with no meaningful remedy.

149.        Wisconsin state court procedures as they are applied to pro se plaintiffs are facially unconstitutional under the First, Fourth, Fifth, Sixth and Fourteenth Amendment and cannot be enforced.

150.        State actions against Plaintiffs to obstruct exercising federal rights and communications

with the United States Attorney requesting to convene a federal Grand Jury is unconstitutional as applied to Plaintiffs.

151.    Plaintiffs will suffer irreparable harm because they are barred by void/voidable order, state law and injunctions from engaging in protected First Amendment speech and association on a matter of public concern and Plaintiff and others will be chilled in their personal capacity to advocate for Palestinian rights, justice for Galster, Bollig, Bishell, Selje murdered by police,

### THIRD CAUSE OF ACTION

**VIOLATION OF THE FIRST, FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND  WISCONSIN CONSTITUTION**

152.    Plaintiffs incorporate all of the above paragraphs as though fully set forth herein.

153.    A Constitutional  republican form of government is one in which the political authority comes from the people. In the United States, power is given to the government by its citizens as written in the U.S. Constitution and through its elected representatives.

154.    As applied to the Plaintiffs circumstances of First Amendment retaliation animus, the Wisconsin Attorney General, in furtherance of a conspiracy or meeting of the minds with Defendants Axley, Stafford, Kaseita, Mark Hazelbaker, Sheriff Roger Brandner, Columbia County, City of Portage, Portage Community School District Board, each lack a compelling or legitimate governmental interest in the enforcement of Executive order 261, Assembly Bill 553, or Wis. Stat. 813.125 issued Injunctions, or criminal allegation Wis. Stat. 946.68 simulating legal process, or Wis. Stat. 940.32 stalking allegation, or Wis. Stat. 946.32 false swearing from pleadings in pending federal court civil rights case against the defendants and 2014 state court writ to compel defendant produce public records, or Wis stat 943.13 Trespass to land, as a Wisconsin Dells ordinance violation, against the Plaintiffs in retaliation animus from Plaintiffs exercising First Amendments rights advocating for Palestinian rights, opposing Zionism, justice for Columbia County citizens killed by the police, exposing public corruption, acting a self represented non lawyer low income litigants in genuine state court cases presenting a defense against government actions and federal civil rights federal cause of action pending lawsuits.

155.    Absent an injunction, Plaintiffs will continue suffering irreparable harm because they are barred from equal protection and benefit of State prosecution of the defendants admitted and alleged criminal conduct against the Plaintiffs evidenced by public records which include unjustified police killings, by Defendant Schimel interpretation that Plaintiffs are the "enemy" denied crime victim rights and subjected to Kicking of Asses Every Day policy enforced by Defendant O'Keefe, administrator of the Division of Criminal Investigation.  Plaintiffs O'Grady,

Boyle, Simonson have all filed pro se motions providing evidence to dismiss criminal complaints on violation of federal rights grounds in their Columbia County criminal cases pursuant to Wis. Consti. article I, Section 7 right to be heard in response to ineffective assistance of legal counsel, all ignored by Judge Voigt, Judge Screnock.  Additionally, Defendants and state court judicially issued injunctions imposing criminal penalties and obstructions from engaging in protected First Amendment speech, association, expression, exercising religious faith ministry, voting, submitting campaign declaring candidacy nomination documents for Portage Mayor, and Petition the courts and government for redress with threats of more criminal charges has irreparably injured Plaintiffs federal rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

156.        Defendant Schimel, Columbia County, Sheriff Brandner, City of Portage, Portage Community School district Board, City of Wisconsin Dells, acting separately and collectively through Wisconsin Department of Justice governmental police powers, issued criminal allegations against Plaintiffs mentioned above which are  facially unconstitutional as applied to the Plaintiffs, unconstitutional under the First Amendment, unconstitutional under the Fourth and Fourteenth Amendment conducting searches seizures with arresting Plaintiff Simonson, O'Grady and Boyle without warrants of any kind except Sheriff Brandner used a search warrant for another address when in error forcing entry into Plaintiff Boyle's residence at gun point taking his wallet and cash alleging he was a drug trafficker, and cannot be enforced for violation of federal rights and for unrestrained, uninvestigated, uncharged federal offenses against the Plaintiffs.

157.        If Defendants are not enjoined from acting above the law violating federal rights as applied against Plaintiffs and similarly situated persons and from malicious government harassment as applied against Plaintiffs in First Amendment retaliation animus, Plaintiffs and all advocates for equal protection and benefit of law including equal standard for prosecuting the proven criminal conduct of public officials and law enforcement officials to restrain a militarized fascist police state, will be effectively stripped of their federal rights and state rights under both Constitutions with no meaningful remedy.

158.        **FOURTH CAUSE OF ACTION**

**VIOLATION OF THE FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND  WISCONSIN CONSTITUTION**

159.        Plaintiffs incorporate all of the above paragraphs as though fully set forth herein.

160.        Plaintiffs lack unobstructed access to any available state court post deprivation avenue

for relief which exists only as a theory under Wis. Stat. 806.07 without practicable remedy to obtain a federal right under the Due Process provisions and Fourteenth Amendment of the United States Constitutions for a Court judgment to vacate state court orders which are void or voidable within the definition provided by the Wisconsin Supreme Court decision in Neyland v. Vorwald or remove the tension with First Amendment U.S. Constitutional guaranteed rights or enjoin compliance with U.S Constitutional, law and Amendments and Wisconsin Constitutions article I Declaration of rights.

161.    Absent an injunction, Plaintiffs will continue suffering irreparable harm because they are barred by state law and state court judicially issued injunctions imposing criminal penalties and obstructions from engaging in protected First Amendment speech, association, expression, exercising religious faith ministry, and Petition the courts and government for redress.

162.    Defendants intentionally injured Plaintiff O'Grady as First Amendment intentional retaliation through a continuing conspiracy, and Defendants Oetzman, Hazelbaker, Kasieta Legal Group, maliciously acting under color of law exercising governmental police powers lacking a compelling or legitimate governmental interest in the enforcement of Wis. Stat. 813.125 against Plaintiff in case 18cv181, obtained Temporary Restraining orders and subjected Plaintiff to injury, deprivation of federal rights, economic damages, and admitted to perpetrating acts constituting unrestrained and uncharged Stalking under Wis. Stat. 940.32, False swearing under Wis. Stat 946.32.  Judge Neiss first vacated the Temporary Restraining order issued against Plaintiff by Court Commissioner Charles Church then later dismissed the entire harassment petition case.

163.    Defendants intentionally injured Plaintiff O'Grady, Gruber, Zeier, Simonson, Boyle, Cadwalladar, Winter, as First Amendment retaliation through a continuing conspiracy, and Defendants  maliciously acting under color of law exercising governmental police powers lacking a compelling or legitimate governmental interest in the enforcement of Wis. Stat. 813.125 against the Plaintiffs in case 18cv230, filed and served only a few Plaintiffs with a Harassment TPR and Injunction hearing Petition which lacked a notice of hearing date. Defendant Kaseita Legal Group, Mark Hazelbaker, lied to Judge Lanford claiming the Plaintiffs Gruber and Simonson were previously served with the Harassment Petition simulating legal process by submitting a fake certificate of service document to the Court as grounds to obtain a default judgment against the Plaintiffs. Judge Lanford, acting as the Court ignored that fact of the defects in the Harassment Petition lacking a notice of hearing, the defective service since the Columbia County Sheriff is a party seeking Harassment protection and also served the

Harassment Petition violating state statute.  Defendants falsely stated in their petition that Plaintiffs federal lawsuit complaint against them was frivolous, Judge Lanford agreed, then issued the Injunction orders and subjected Plaintiff to injury, deprivation of federal rights, economic damages.  Judge Lanford acting as the state court ignored the Defendants submitting evidence implicating themselves in criminal conduct against the Plaintiffs constituting a confession admitting to perpetrating acts constituting unrestrained and uncharged Stalking under Wis. Stat. 940.32, False swearing under Wis. Stat 946.32 and obstructing justice.

164.    If Defendants are not enjoined from acting above the law violating federal rights as applied against Plaintiffs and similarly situated persons and from malicious government harassment as applied against Plaintiffs in First Amendment retaliation animus, Plaintiffs and all advocates for equal protection and benefit of law including equal standard for prosecuting the proven criminal conduct of public officials and law enforcement officials to restrain a militarized fascist police state, will be effectively stripped of their federal rights and state rights under both Constitutions with no meaningful remedy.

### FIFTH CAUSE OF ACTION

**VIOLATION OF 42 U.S.C. SECTION 1981 EQUAL RIGHTS UNDER LAW AND THE FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND  WISCONSIN**

165.    If Defendants are not enjoined from acting above the law violating federal rights and 42 U.S.C. Section 1981(a)(b)(c) as applied against Plaintiffs and similarly situated persons and from malicious government harassment as applied against Plaintiffs in First Amendment retaliation animus, Plaintiffs and all advocates for equal protection and benefit of law including equal standard for prosecuting the proven criminal conduct of public officials and law enforcement officials to restrain a militarized fascist police state, will be effectively stripped of their federal rights and state rights under both Constitutions with no meaningful remedy.

166.    Absent an injunction, Plaintiffs will continue suffering irreparable harm because they are barred by state law and state court judicially issued injunctions imposing criminal penalties and obstructions from engaging in protected First Amendment speech, association, expression, exercising religious faith ministry, and Petition the courts and government for redress.

### SIXTH CAUSE OF ACTION

**VIOLATION OF 42 U.S.C. SECTION 1985 EQUAL RIGHTS UNDER LAW AND THE FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND  WISCONSIN**

167.    If Defendants are not enjoined from acting above the law violating federal rights and 42

U.S.C. Section 1985(2) and (3) as applied against Plaintiffs and similarly situated persons and from malicious government harassment as applied against Plaintiffs in First Amendment retaliation animus, Plaintiffs and all advocates for equal protection and benefit of law including equal standard for prosecuting the proven criminal conduct of public officials and law enforcement officials to restrain a militarized fascist police state, will be effectively stripped of their federal rights and state rights under both Constitutions with no meaningful remedy.

168.    Absent an injunction, Plaintiffs will continue suffering irreparable harm because they are barred by state law and state court judicially issued injunctions imposing criminal penalties and obstructions from engaging in protected First Amendment speech, association, expression, exercising religious faith ministry, and Petition the courts and government for redress.

### SEVENTH CAUSE OF ACTION

**VIOLATION OF 42 U.S.C. SECTION 1986 ACTION FOR NEGLECT TO PREVENT ACTS VIOLATING SECTION 1985 AND THE FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND WISCONSIN CONSTITUTION DECLARATION OF RIGHTS**

169.    Defendants have produced written documents, sworn testimony, and police reports as a confession, admission of knowledge and intention to inflict injury, intimidate, obstruct and threaten the Plaintiffs who are witnesses, parties to federal lawsuits, party to state court lawsuits, and did inflict injury causing irreparable damages to the Plaintiffs while acting under color of law.

170.    Defendants all had knowledge and conspired to violate Plaintiffs civil rights and Defendants Voigt, Schimel, O'Keefe, Brandner, had the authority to restrain the acts of First Amendment retaliation animus at any time but made a decision to do nothing.

### EIGHTH CAUSE OF ACTION

**VIOLATION OF 42 U.S.C. SECTION 1983 VIOLATING CIVIL RIGHTS ACTING UNDER COLOR OF LAW PURUSANT TO A POLICY, PRACTICE, CUSTOM, RULE, STATUTE AND THE FIRST, FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND WISCONSIN DECLARATION OF RIGHTS**

171.    The Defendants acted, under color of any statute, ordinance, regulation, custom, or usage, of any Wisconsin law caused Plaintiffs to be subjected, along with any citizen of the United States within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory

relief was unavailable.

172.    Plaintiffs seek a finding that Defendant William Andrew Voigt violated a declaratory decree related to acting as a John Doe judge in his individual capacity violating a ministerial duty enacted by the legislature under stat. 968.26 and acted first as a supposed crime victim being served a subpoena compelling his appearance in court to bring the Thomas Selje John Doe Petition then acting as a Judge issuing a Probable Cause finding for the arrest of O'Grady to hold him in jail without bond n the same criminal case against Plaintiff O'Grady participating in the purported criminal investigation.

173.    If Defendants are not enjoined from acting above the law violating federal rights and 42 U.S.C. Section 1983 as applied against Plaintiffs and similarly situated persons and from malicious government harassment as applied against Plaintiffs in First Amendment retaliation animus, Plaintiffs and all advocates for equal protection and benefit of law including equal standard for prosecuting the proven criminal conduct of public officials and law enforcement officials to restrain a militarized fascist police state, will be effectively stripped of their federal rights and state rights under both Constitutions with no meaningful remedy.

174.    Absent an injunction, Plaintiffs will continue suffering irreparable harm because they are barred by state law and state court judicially issued injunctions imposing criminal penalties and obstructions from engaging in protected First Amendment speech, association, expression, exercising religious faith ministry, and Petition the courts and government for redress.

175.    **RAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the Court enter the following relief

A. Declare Wis. Stat. 813.125 unconstitutional and Injunction issued are unenforceable as applied to plaintiffs,

B. Declare Wis. Stat. 946.68 Simulating Legal Process unconstitutional and unenforceable as applied to the plaintiffs,

C. Declare Wis. Stat. 940.32 Stalking unconstitutional and unenforceable as applied to the plaintiffs, and declare Wis. Stat 943.13(1m)(a)/Wisconsin Dells City Ordinance 18.943.13 Trespass to land unconstitutional and unenforceable as applied to plaintiffs,

D. Declare Wis. Stat. 946.32 False swearing unconstitutional and unenforceable as applied to the plaintiffs,

E. Issue declaratory judgment in Plaintiffs favor against Defendants on all causes of actions alleged herein;

42

F. Issue Declaratory judgment finding Defendants violated Plaintiffs First Amendment rights and engaged in First Amendment retaliation,

G. Grant Plaintiffs a preliminary and permanent injunction against Defendants inclusion of any evidence obtained and used in criminal prosecution and civil ordinance prosecution, harassment restraining order injunction prosecution  against Plaintiffs Jerry Simonson, Raymond Boyle, Michael O'Grady, John Gruber, Robert Zeier, William Cadwallader, Joann Winter, enjoining Defendants to the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and Wisconsin Constitutions article I, Declaration of rights,

H.  Declare as void any "No Boycott Israel" clause pursuant to Wisconsin assembly bill 553and executive order 261 finding both unenforceable and unconstitutional violation of First Amendment,

I. Issue Declaratory judgment finding the Defendants conspired to and violated Plaintiffs civil rights   and conducted surveillance, searches, and arrested Plaintiffs without obtaining any search warrant and without obtaining any arrest warrant inflicting irreparable injury to plaintiffs,

J. Issue Declaratory judgment defining specific rights of pro se Plaintiffs guaranteed by the United States Constitutions Due Process mandates when Plaintiffs use the Wisconsin state court system pursuant to State Constitution article I, Declaration of Rights Section 21(2) Rights of a Suitor,

K.  Issue Declaratory judgment finding Wisconsin state court administration of procedures and policy as applied to the Plaintiffs is unconstitutional and contrary to federal rights,

L. Grant such other and further relief as the Court may deem to be just and proper.

M. Award for the expenses to bring this action or other appropriate expenses.

Attached and made part of the complaint are:

Exhibit A, State judicially issued Injunction signed by Judge Rhonda Lanford

Exhibit B, State judicially issued Injunction signed by Judge Michael Screnock

Exhibit C, statement by Leda Wagner admitting Defendants conspiracy

Dated:  3-26-2019

Respectfully submitted by pro se Plaintiffs,

John Gruber                    JoAnn Winter                    Jerry Simonson         Michael O'Grady

Robert Zeier                    William Cadwallader        Raymond Boyle

43