IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| JERRY SIMONSON, ROBERT ZEIER, RAYMOND BOYLE, JOHN GRUBER, JOANN WINTER, MICHAEL O'GRADY, WILLIAM CADWALLADER, | |
| Plaintiffs, | |
| v. | |
| KASIETA LEGAL GROUP, LLC, SHERIFF ROGER BRANDER, SHERIFF DEPUTY BENJAMIN OETZMAN, COLUMBIA COUNTY, CITY OF PORTAGE, PORTAGE COMMUNITY SCHOOL DISTRICT BOARD OF EDUCATION, MARK HAZELBAKER, AXLEY BYRNELSON, LLP, STAFFORD ROSENBAUM, LLP, WILLIAM ANDREW VOIGHT, BRAD SCHIMEL, BRIAN O'KEEFE, and CITY OF WISCONSIN DELLS, | OPINION and ORDER<br><br>19-cv-248-jdp |
| Defendants. | |

---

There are now eight cases pending in this court in which plaintiff Michael O'Grady, and various combinations of other plaintiffs, allege that local government entities and officials have conspired to violate their constitutional and state law rights.[1] In all of their cases, plaintiffs say that they are seeking to expose the truth about government corruption and police misconduct, and that government officials have retaliated against them as a result.

This case follows the same pattern as plaintiffs' related cases. Plaintiffs filed an excessively long complaint (43-pages, single-spaced) with eight "causes of action" against several defendants. The complaint is difficult to follow and at times, incomprehensible. A

---

[1] The eight lawsuits pending in this court are 18-cv-368-jdp; 18-cv-582-jdp; 19-cv-514-jdp; 19-cv-515-jdp; 19-cv-516-jdp; 19-cv-517-jdp; 19-cv-519-jdp; and 19-cv-248-jdp.

subset of defendants filed motions to dismiss the complaint in full or in part. Two defendants filed motions for sanctions under Rule 11 of the Federal Rules of Civil Procedure, arguing that the complaint is frivolous. Plaintiffs responded to the motions with arguments that are difficult to understand. In plaintiffs' previous cases, I addressed the specific arguments made by defendants in their motions to dismiss and provided instructions for plaintiffs on how to file proper pleadings that include only the information necessary to state a claim. But plaintiffs continue to file lengthy pleadings full of irrelevant background information, pseudo-legal jargon and inflammatory statements. So, rather than address each of the arguments made in defendants' motions to dismiss, I will dismiss plaintiffs' entire complaint under Rule 8 of the Federal Rules of Civil Procedure. *See Stanard v. Nygren*, 658 F.3d 792, 799 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.").

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiffs believe defendants did to violate their rights. The complaint must also contain enough factual allegations to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Plaintiffs' complaint does not meet this standard. The complaint includes several paragraphs that discuss government policy concerning Israel and Palestine and plaintiffs' beliefs regarding boycott movements. Plaintiffs refer to police incidents that occurred several years ago with which they were not involved. Plaintiffs spend several pages reciting portions of the

Constitution and state statutes, without explaining why. Their allegations about incidents affecting them personally are lost among all of the other irrelevant and hyperbolic allegations.

Plaintiffs' complaint also duplicates the cases that plaintiffs have filed. Plaintiffs include allegations about police shooting incidents that occurred several years ago, but I concluded already that claims based on those incidents were time-barred. *See* Dkt. 100 in 18-cv-368-jdp. Plaintiffs appear to challenge the constitutionality of Wis. Stat. § 813.125, but I rejected plaintiffs' challenge to § 813.125 in the 19-cv-519-jdp case. Dkt. 36 in 19-cv-519-jdp. Plaintiffs also appear to be challenging drug searches at Portage Hight School and retaliatory actions taken against them for filing lawsuits, but those claims are the subject of the 18-cv-368-jdp and 19-cv-518-jdp cases. I will not permit plaintiffs to proceed in multiple cases with the same or substantially similar claims.

In light of these problems, I will dismiss plaintiffs' complaint in full. I will give plaintiffs one opportunity to file an amended complaint that fixes these problems and complies with Rule 8. If plaintiffs choose to file an amended complaint, they must do the following:

- Remove all extraneous background information, including all discussions of the Israeli-Palestinian conflict, government foreign policy, police shootings, and prior legal proceedings.
- Remove any allegations and claims that have been asserted in plaintiffs' other lawsuits.
- Remove all discussion of legal theory, and instead identify in one or two sentences the legal basis for plaintiffs' claims.
- Identify specifically and succinctly what actions each defendant took that

> violated plaintiffs' rights.

- Identify clearly how each plaintiff was harmed personally by defendants' actions.

- Identify clearly what remedy plaintiffs are seeking from the court or defendants.

- Limit the amended complaint to 10 pages or less.

If plaintiffs choose to file an amended complaint, I will screen the complaint to determine whether it complies with Rule 8 and whether it states a claim over which this court has subject matter jurisdiction. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "sua sponte if necessary"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status). Defendants should not answer or otherwise respond to the amended complaint until I determine whether plaintiffs may proceed. If the amended complaint does not satisfy Rule 8, I will dismiss it with prejudice.

Finally, I will deny the motions for sanctions filed by defendants Mark Hazelbaker and Kasieta Legal Group, LLC. Dkt. 34 and Dkt. 36. Although I agree that plaintiffs' litigation practices are frustrating and that some of their claims are frivolous, I will not impose sanctions now. But if plaintiffs continue to disregard the court's instructions to simplify their pleadings and avoid duplicative and frivolous litigation, I will consider imposing monetary or other sanctions on all of the plaintiffs.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice for plaintiffs Michael O'Grady, Jerry Simonson, Robert Zeier, Raymond Boyle, John Gruber, Joann Winter, and Williams Cadwallader's failure to file a complaint complying with Fed. R. Civ. P. 8.

2. Plaintiffs may have until February 14, 2020, to file an amended complaint that complies with Rule 8 and the guidelines set forth in this opinion. If plaintiffs do not file an amended complaint by February 14, 2020, the clerk of court is directed to close this case.

3. The motions to dismiss filed by defendants Mark Hazelbaker, Kasieta Legal Group, LLC, Roger Brandner, Columbia County, Benjamin Oetzman, Portage Community School District Board of Education, Axley Byrnelson, LLP, City of Portage, Stafford Rosenbaum, LLP, Dkt. 23; Dkt. 47; Dkt. 50; Dkt. 53; Dkt. 57, are DENIED as moot.

4. The motions for sanctions filed by defendants Mark Hazelbaker and Kasieta Legal Group, LLC, Dkt. 34 and Dkt. 36, are DENIED.

Entered February 3, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge