IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY SIMONSON, RAYMOND BOYLE,
and MICHAEL O'GRADY,

                Plaintiffs,

   v.

KASIETA LEGAL GROUP, LLC, SHERIFF ROGER
BRANDER, SHERIFF DEPUTY BENJAMIN
OETZMAN, CITY OF PORTAGE, PORTAGE
COMMUNITY SCHOOL DISTRICT BOARD OF
EDUCATION, MARK HAZELBAKER, JUDGE
WILLIAM ANDREW VOIGHT, BRAD SCHIMEL,
BRIAN O'KEEFE, RANDALL SCHNEIDER, SHERIFF
DEPUTY CHRISTOPHER ZUNKER, CITY OF
WISCONSIN DELLS, AXLEY BYRNELSON, LLP, and
STAFFORD ROSENBAUM, LLP,

                Defendants.

OPINION and ORDER

19-cv-248-jdp

---

On February 2, 2020, I dismissed the complaint filed in this case by plaintiffs Michael

O'Grady, Jerry Simonson, Robert Zeier, Raymond Boyle, John Gruber, Joann Winter, and

Williams Cadwallader because it did not meet the requirements of Rule 8 of the Federal Rules

of Civil Procedure. Dkt. 83. I gave plaintiffs the opportunity to file an amended complaint,

and I provided them with specific instructions about how to draft their amended complaint. I

told them to omit extraneous background information, discussions of legal theory, and

allegations and claims that they had asserted in other lawsuits. I also told them to identify

specifically and succinctly what actions each defendant took that violated plaintiffs' rights, to

identify clearly what remedy they were seeking, and to limit the amended complaint to 10

pages or less.

Plaintiffs Michael O'Grady, Jerry Simonson, and Raymond Boyle have filed an amended complaint. Dkt. 94. Because Zeier, Gruber, Winter, and Cadwallader have not responded to my order, I have removed them as plaintiffs from the caption. The amended complaint is 10 pages. But reducing the length is the only one of my instructions with which plaintiffs complied. The amended complaint is confusing, generally incomprehensible, and fails to give the defendants notice of the plaintiffs' claims and the grounds upon which they rest. In addition, there is no clear connection between the numerous disparate allegations against the various defendants.

As I explained to plaintiffs previously, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation must be "simple, concise, and direct." *Id.* 8(d)(1). The primary purpose of these rules is to give defendants fair notice of the claims against them and of the grounds supporting the claims. *Swierkiewicz v. Soema N.A.*, 534 U.S. 506, 512 (2002); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The pleading requirements also help frame the issues and provide the basis for informed pretrial proceedings. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). A complaint does comply with Rule 8 if it does not provide clear allegations of how defendants wronged the plaintiffs. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946–47 (7th Cir. 2013). In addition, a complaint that offers only "labels and conclusions" or "formulaic recitation of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' amended complaint does not comply with Rule 8, because their allegations do not

provide fair notice of their claims, do not frame the issues, and do not support any claim for relief under the constitution or federal law.

In their amended complaint, plaintiffs allege that they are part of an anti-corruption group, and that defendants have subjected them to unfair surveillance, investigation, arrest, and detention. These allegations do not state a federal claim against any defendant. Plaintiffs provide no details about what type surveillance or investigation occurred, and they provide no details suggesting that defendants' surveillance and investigation of plaintiffs was unlawful. As for plaintiffs' allegations that they were arrested and detained, plaintiffs refer to several incidents involving O'Grady and Simonson. But plaintiffs' allegations are vague and, because they are interspersed with legal arguments and opinions, I cannot determine what O'Grady or Simonson were arrested for, why they were detained, whether criminal proceedings are ongoing, or why plaintiffs believe any of defendants' actions violated the constitution or federal law.

Next, plaintiffs allege that individual defendants involved in state court civil and criminal proceedings violated their rights. They allege that Judge William Voigt, former attorney general Brad Schimel, and other individuals at the attorney general's office targeted plaintiffs for prosecution and made unfair and biased rulings against them. Again, plaintiffs' allegations are vague, conclusory, and confusing, and do not state any claim for relief against any individual defendant. And even if I could understand plaintiffs' allegations, their claims likely would be barred by the doctrines of judicial, prosecutorial, and witness immunity. These doctrines bar constitutional claims for actions taken by judges within the scope of their judicial authority, actions taken by prosecutors in their roles as advocate, and testimony by witnesses in court proceedings. *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012); *Kowalski v. Boliker*, 893 F.3d

3

987, 1000 (7th Cir. 2018) (discussing absolute witness immunity); *Buckely v. Fitzsimmons*, 509

U.S. 259, 273 (1993) (discussing prosecutorial immunity).

Plaintiffs also appear to be challenging various state-court decisions. But such claims

don't belong in federal court—federal courts do not have appellate authority over state courts.

*See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263

U.S. 413, 416 (1923). If plaintiffs are seeking to overturn a final judgment by a state court,

their claims are barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280, 284 (2005). And if plaintiffs are seeking to challenge an interlocutory

order of a state court, their claims are not reviewable here either. *See Bauer v. Koester*, 951 F.3d

863, 867 (7th Cir. 2020) (state-court decisions "too provisional to deserve review within the

state's own system cannot be reviewed by federal district and appellate courts").

Plaintiffs also state in their amended complaint that they would like to challenge the

constitutionality of several state statutes and state-court procedures. But plaintiffs provide no

context for their challenges. They do not explain why they have standing to challenge the

statutes, and specifically, how they have been harmed by the statutes that they seek to

challenge. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (plaintiff must show that he

has suffered injury to establish standing to sue). Nor do plaintiffs explain clearly why they

think the statutes are unconstitutional.

Finally, plaintiffs include allegations about three law firms, an individual attorney, a

school district, and several law enforcement officers. But it is not clear why plaintiffs think

these defendants violated their constitutional rights. Plaintiffs include vague allegations about

a conspiracy, but like plaintiffs' other allegations, they are unintelligible.

In sum, I will dismiss plaintiffs' amended complaint because I discern no viable claim. *See Stanard*, 658 F.3d at 799 ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) (district court may dismiss claim on the ground that it is "unintelligible"). Because plaintiffs already had an opportunity to fix their complaint but failed to do so, the dismissal will be with prejudice. *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005) (district judge may dismiss a complaint with prejudice if plaintiff is unable to draft an "intelligible complaint"); *Griffin v. Milwaukee Cty.*, 369 F. App'x 741, 743 (7th Cir. 2010) (not an abuse of discretion for district court to dismiss case with prejudice after plaintiffs failed to cure deficiencies in unintelligible complaint).

Plaintiffs Boyle and O'Grady are regular filers in this court, and this is not the first case that has presented such problems. In the future, if plaintiffs wish to pursue any claims in this court, they must simplify their pleadings and comply with the requirements of Rule 8. *See U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (parties must "make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). Any future complaint in which Boyle, O'Grady, or Simonson is a plaintiff will be screened by the court before the complaint is served on any defendant, regardless whether plaintiffs pay the full filing fee for the case. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

One additional matter requires court attention. Plaintiffs filed a motion requesting that defendants Kasieta Legal Group and Mark Hazelbaker be required to pay the costs of service

because these defendants refused to waive formal service. Dkt. 71. But defendants responded with a sworn declaration from Attorney Hazelbaker, stating that plaintiffs did not request waiver of service properly, as they did not include a prepaid envelope, as required by Rule 4(d)(1)(C). Dkt. 87. Plaintiffs have not refuted Hazelbaker's declaration, so I will deny their motion. They are not entitled to expenses if they did not request waiver of service properly.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice for plaintiffs Michael O'Grady, Jerry Simonson, and Raymond Boyle's failed to state a claim upon which relief may be granted.

2. The motions to dismiss filed by defendants Mark Hazelbaker and Kasieta Legal Group, LLC, Dkt. 26 and Dkt. 97, are DENIED as moot.

3. Plaintiffs' motion for Mark Hazelbaker and Kasieta Legal Group to pay fees and expenses of service, Dkt. 71, is DENIED.

4. Any future complaint in which Boyle, O'Grady, or Simonson is a plaintiff will be screened by the court for compliance with the Federal Rules of Civil Procedure and to determine whether it states a claim on which relief can be granted before the complaint may be served on any defendant.

Entered April 15, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge